**MANLEY, INC., Appellant,**

v.

**KEYSTONE FOOD PRODUCTS, INC., Appellee.**

No. 87–2312.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1988.

Decided Oct. 12, 1988.

William T. Smith, III, Kansas City, Mo., for appellant.

Douglas Carter, Kansas City, Mo., for appellee.

Before McMILLIAN and FAGG Circuit Judges, and BRIGHT, Senior Circuit Judge.

FAGG, Circuit Judge.

Manley, Inc. (Manley) appeals the district court's order staying this diversity action. The court stayed the case pending the outcome of litigation underway in a Pennsylvania state court, which involves the same parties. We affirm.

Manley and Keystone Food Products, Inc. (Keystone) have a business dispute concerning Keystone's purchase from Manley of equipment and technical services for the production of carmelized popcorn. As a result of this dispute, Keystone and a related company sued Manley in Pennsylvania state court based on claims arising from the parties' contractual relationship. Manley answered and asserted affirmative defenses, but chose, as permitted by Pennsylvania law, not to file a counterclaim for money owed under the contract. Manley also did not seek to remove the action to federal court in Pennsylvania.

Instead, Manley less than one year later sued Keystone in Missouri state court for breach of contract based on the same transaction. In the Missouri action, Manley claimed Keystone did not pay amounts due under the contract for equipment and services supplied by Manley. Keystone removed the Missouri state court action based on diversity of citizenship. *See* 28 U.S.C. § 1441(a). Keystone then moved to dismiss or stay the Missouri case, arguing the district court should not exercise concurrent jurisdiction over the case because parallel state litigation was pending in Pennsylvania. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13–16, 103 S.Ct. 927, 935–37, 74 L.Ed.2d 765 (1983) (*Moses H. Cone*); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–20, 96 S.Ct. 1236, 1246–48, 47 L.Ed.2d 483 (1976) (*Colorado River*).

The district court first determined the Missouri and Pennsylvania actions involved substantially identical issues relating to breach of the same contractual relationship. After balancing the factors relevant to Keystone's stay request, the district court held this case presented the sort of exceptional circumstances that weighed in favor of staying the Missouri action. *See Moses H. Cone*, 460 U.S. at 15–16, 103 S.Ct. at 936–37; *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246. The court granted the stay, but retained jurisdiction over the case "to protect Manley against the unlikely eventuality that Pennsylvania will not consider the claims asserted in this case." *Manley, Inc. v. Keystone Prods., Inc.*, No. 86–1353–CV–W–9, slip op. at 10 (W.D.Mo. Aug. 21, 1987) (unpublished order). The court also ordered the parties to file quarterly reports on the status of the Pennsylvania litigation.

On appeal, Manley argues the circumstances of this case do not warrant imposition of the stay. We disagree.

We have jurisdiction to review the district court's order staying the Missouri action. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 1137, 99 L.Ed.2d 296 (1988).

Manley and Keystone agree the applicable principles for considering the propriety of the stay are outlined by the Supreme Court's decisions in *Moses H. Cone* and *Colorado River.* The district court correctly identified these principles, undertook a thorough balancing of all the pertinent factors, and rendered "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise," *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47. We have carefully reviewed the district court's decision, and finding no error, we affirm.