917 F.2d 1144
 GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee,
v.
Leonard SIMON, Personal representative of the Estate of
Lewis E. Simon, Deceased,
Susan Johnston, Lance E. Simon, (Intervenors Below), Appellants.
 No. 89-1853WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 15, 1989.
Decided Nov. 1, 1990.
 
 John Housley, Springfield, Mo., for appellants.
 Bradley J. Fisher and Rebecca B. Myers, Springfield, Mo., for appellee.
 Before ARNOLD, FAGG and MAGILL, Circuit Judges.
 MAGILL, Circuit Judge.
 
 
 1
 In this insurance coverage declaratory action, intervenors Susan Johnston and Lance Simon appeal from the district court's[1] summary judgment order in favor of appellee Government Employees Insurance Company. Johnston and Simon make two arguments on appeal: (1) that the district court erred in determining that, under Missouri law, an insurance policy's household exclusion clause barred Johnston's claim against her ex-husband's estate for medical expenses on behalf of their son; and (2) that the district court erred in refusing to grant intervenors' motion to dismiss or stay pending the outcome of similar state court proceedings. Because we believe the district court's state law ruling was proper and that the district court did not abuse its discretion by refusing to abstain, we affirm.
 
 I.
 
 2
 The facts in this case arise from a tragic automobile accident on December 22, 1985, in which Lance Simon was injured and his father, Lewis Simon, stepmother, and sister were killed. Lance's natural mother, Susan Johnston, incurred substantial medical expenses on behalf of her son and sought insurance coverage from Lewis Simon's insurer, Government Employees Insurance Company (GEICO). GEICO denied coverage based on the household exclusion clause of its insurance policy on March 31, 1986. The relevant provisions of GEICO's policy state:
 
 LOSSES GEICO WILL PAY FOR YOU
 
 3
 Under Section I, we will pay damages, which an insured becomes legally obligated to pay because of:
 
 
 4
 1. bodily injury, sustained by a person, ... arising out of the ownership, maintenance or use of the owned auto....
 
 
 5
 EXCLUISIONS [sic]
 
 When Section I Does Not Apply
 
 6
 1. Bodily injury to any insured is not covered.
 
 
 7
 ....
 
 PERSONS INJURED
 Who Is Covered
 
 8
 Section I applies to the following as insureds with regard to an owned auto:
 
 
 9
 1. you and your relatives; ....
 
 DEFINITIONS:
 
 10
 ....
 
 
 11
 2. "Bodily injury" means bodily injury to a person,....
 
 
 12
 ....
 
 
 13
 4. "Insured" means a person or organization described under "persons insured."
 
 
 14
 ....
 
 
 15
 8. "Relative" means a person related to you who resides in your household.
 
 
 16
 Johnston and her son filed a lawsuit in Missouri state court against the estate of Lewis Simon and against American Family Insurance Company (American Family), Johnston's insurer. The state court action alleged negligence by Lewis Simon and sought damages from his estate for Lance Simon's injuries and for Susan Johnston's medical expenses on Lance Simon's behalf. The state court action also sought recovery from American Family under the uninsured motorist provisions of its policy on the theory that because GEICO denied coverage, Lewis Simon was an uninsured motorist.
 
 
 17
 On April 7, 1987, American Family filed a third-party complaint against GEICO, a cross-claim against Lewis Simon's estate, and a counterclaim against Johnston and Lance Simon. The complaint against GEICO alleged, inter alia, that GEICO wrongfully denied coverage to Johnston and Lance Simon, and asked the state court to determine the parties' rights and obligations under the various insurance policies.
 
 
 18
 On April 14, 1988, GEICO filed a declaratory judgment action in a Missouri federal district court against the estate of Lewis Simon. GEICO's complaint alleged that its liability to Johnston and Lance Simon was dependent on the construction of its insurance contract with Lewis Simon, and asked the federal court to determine whether GEICO would be liable for any judgments rendered in Johnston or Lance Simon's favor against the estate of Lewis Simon. Johnston and Lance Simon then sought permissive intervention pursuant to Fed.R.Civ.P. 24(b), claiming that the state and federal proceedings featured a common "primary" issue, namely, whether GEICO's policy provided coverage to Lance Simon. The district court granted the motion to intervene and in the ensuing petition in intervention, Johnston and Lance Simon alleged that GEICO sought to delay "wrongfully" their state court action and that GEICO was barred from seeking federal court declaratory relief because it had not initially sought to remove the state court action. The parties stipulated that their state court discovery would be used and filed in the federal action.
 
 
 19
 GEICO then moved for summary judgment, arguing that Lance Simon was an "insured" under the GEICO policy because he was related to Lewis Simon and resided in Lewis Simon's household. Because Lance Simon was an "insured," GEICO argued, the policy explicitly excluded his injuries from coverage. GEICO also contended that the household exclusion clause was not contrary to public policy. Johnston and Lance Simon argued in opposition to the motion that the household exclusion clause was void as a matter of public policy, and that the insurance policy was ambiguous. They also argued that even if the policy did not cover Lance Simon's damages, Johnston's claim for medical expenses was separate, and that because Johnston no longer resided with her ex-husband, she was not an "insured" and the policy covered her damages. Johnston and Simon moved the district court to stay or dismiss GEICO's action because of the pending state court proceedings.
 
 
 20
 On March 22, 1989, the district court granted GEICO's motion for summary judgment. After reviewing the grounds for granting a summary judgment motion, the district court found that Lance Simon was a member of Lewis Simon's household. Applying the relevant GEICO policy provisions, the district court held that the policy was clear and excluded insurance coverage for Lance Simon's injuries. The district court also addressed Johnston and Lance Simon's contention that the household exclusion clause was contrary to public policy. The district court noted that numerous Missouri courts had upheld such clauses, and cited two of the most recent cases. The district court stated that it "felt confident" that Missouri courts would continue to uphold the clauses, thus rejecting the public policy challenge.
 
 
 21
 The district court next addressed Johnston and Lance Simon's argument that Johnston's claim for medical expenses was separate from Lance Simon's claim for damages and that the household exclusion did not apply to Johnston. The district court characterized Johnston's claim as dependent on coverage for Lance Simon's injuries. The district court, after reviewing Missouri case law that held that the rights of an injured party against a negligent party's insurer are no greater than those of the insured, ruled that GEICO was entitled to summary judgment.
 
 
 22
 As a final matter, the district court rejected Johnston and Lance Simon's contention that it should have stayed or dismissed GEICO's action because of the pending state court action. The district court recognized that the state court action involved the same accident and claims as the federal action did, but decided that dismissal would be "inappropriate" and that there was no novel issue of Missouri law that would warrant a stay.
 
 
 23
 After the district court refused to grant Johnston and Lance Simon's motion for a new trial or to amend the judgment, they appealed to this court.
 
 II.
 A. Insurance Coverage
 
 24
 Johnston and Lance Simon's first argument on appeal is that the district court erred in determining that, under Missouri law, the GEICO policy's household exclusion clause barred Johnston's claim for medical expenses on Lance Simon's behalf. When we review a district court's grant of summary judgment, we must apply the same standard the district court applied. McCuen v. Polk County, Iowa, 893 F.2d 172, 173 (8th Cir.1990). The district court in this case discussed numerous summary judgment considerations, noting in particular that a summary judgment motion must be viewed in the light most favorable to the opposing party, and that the opposing party must receive the benefit of all reasonable inferences. See Green v. United States Dep't of Labor, 775 F.2d 964, 973 (8th Cir.1985).
 
 
 25
 Johnston and Lance Simon argue that the district court's finding that the GEICO policy does not provide Lance Simon with coverage does not automatically compel the finding that no coverage exists for Johnston's damages. The plain language of GEICO's insurance policy refutes this argument. The policy states that GEICO will not pay damages that the estate of Lewis Simon becomes obligated to pay resulting from bodily injury to an insured. Lance Simon is an "insured" under the policy: he is Lewis Simon's son and lived in Lewis Simon's household. Johnston and Lance Simon do not challenge the district court's finding concerning this issue. Johnston contends that her claim for medical expenses, together with the fact that she is not an "insured" under the policy because she did not reside with Lewis Simon, removes her from the purview of the policy exclusion. This contention is irrelevant; she is still trying to obtain damages resulting from bodily injuries to an insured. The policy's plain language bars this result.
 
 
 26
 The district court relied on two cases interpreting Missouri law that examined the rights of injured parties against an insurer to reach this conclusion. In McNeal v. Manchester Ins. & Indem. Co., 540 S.W.2d 113 (Mo.Ct.App.1976), a Missouri appellate court stated that "Missouri has held to the doctrine that the rights of the injured person are derivative and that those rights can rise no higher than those of the insured so that the insurer can set up as a defense [against the injured party a defense it had against the insured]." Id. at 119. The district court also cited State Farm Mut. Auto. Ins. Co. v. Worthington, 405 F.2d 683, 686 (8th Cir.1968), for the same proposition. Johnston and Lance Simon argue that these cases should be limited to their facts and are not applicable to the case at hand. Although Worthington was a garnishment action, and thus perhaps not directly applicable, there is nothing in the McNeal decision that lessens the broad sweep of the language quoted above.
 
 
 27
 It is our practice to defer to the state law rulings of a federal district court sitting in the state whose law is controlling, but we do not defer where the ruling is fundamentally deficient in analysis, without a reasonable basis, or contrary to reported state court opinion. Economy Fire & Cas. Co. v. Tri-State Ins. Co., 827 F.2d 373, 375 (8th Cir.1987). Here, the district court's state law determination was not fundamentally deficient or without a reasonable basis, and is not contrary to reported state court opinion. Based on a plain language reading of GEICO's insurance policy and the cases the district court relied on, we defer to the district court's ruling and hold that GEICO is not liable to Johnston for damages that resulted from medical expenses for Lance Simon's injuries.
 
 B. Abstention
 
 28
 Johnston and Lance Simon also argue that the district court erred in refusing to grant their motion to dismiss or stay the federal court proceedings pending the outcome of the state court action. Johnston and Lance Simon argue as an initial matter that the district court's jurisdiction would have been proper only if GEICO had removed the state court case to federal district court pursuant to 28 U.S.C. Sec. 1441(c). This contention is meritless. The removal statute is discretionary; it states that a party may remove, not that a party must remove. See 28 U.S.C. Sec. 1441(c). Johnston and Lance Simon have adduced no relevant case law holding that Sec. 1441(c) should be interpreted any other way, and we reject their contention.
 
 
 29
 The essence of Johnston and Lance Simon's argument is that the district court should not have exercised jurisdiction over GEICO's declaratory judgment action because there was a case pending between the parties in Missouri state court, and that the state court was the proper forum to determine whether the household exclusion clause was contrary to state public policy. In support of this argument, they refer to the "fourth branch of the abstention doctrine"[2] the Supreme Court announced in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In Colorado River, Justice Brennan stated that there were "principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." Id. at 817, 96 S.Ct. at 1246. These principles, reasoned Justice Brennan, rested on considerations of " '[w]ise judicial administration.' " Id. (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). Justice Brennan noted that "as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....' " Id. (quoting McClellan v. Carland, 217 U.S. 268, 282, 30 S.Ct. 501, 504-05, 54 L.Ed. 762 (1910)). He then stated that federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." Id. (citations omitted; emphasis added).
 
 
 30
 Justice Brennan went on, however, to declare that in "exceptional circumstances," a federal district court may dismiss an action because of concurrent state proceedings. Colorado River, 424 U.S. at 818, 96 S.Ct. at 1246-47. He enunciated four factors courts should consider when determining whether "exceptional circumstances" exist: (1) whether the state court first obtained jurisdiction over real property; (2) whether the federal forum would be inconvenient; (3) whether piecemeal litigation would result; and (4) whether the state or federal court first obtained jurisdiction. Id. Justice Brennan stated that no one factor was necessarily determinative, and that only the "clearest of justifications will warrant dismissal." Id. at 818-19, 96 S.Ct. at 1247 (emphasis added).
 
 
 31
 The Supreme Court reexamined this type of abstention in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In Moses H. Cone, the Supreme Court explained two of the Colorado River factors and added two more. The presence of piecemeal litigation, the Supreme Court explained, was not a significant factor where the relevant law required piecemeal resolution and the federal court issue was "easily severable from the merits of the underlying disputes." Id. at 20-21, 103 S.Ct. at 939. The Court also explained the "priority" factor. The Court stated that priority should not be measured by which party filed first, "but rather in terms of how much progress has been made in the two actions." Id. at 21, 103 S.Ct. at 940.
 
 
 32
 One of the two new factors the Supreme Court enunciated in Moses H. Cone was whether state or federal law provides the rule of decision; if federal law provides the rule of decision, that is always a major consideration weighing against abstention. Id. at 26, 103 S.Ct. at 942. The other new factor was the probable inadequacy of the state court proceedings to protect the federal plaintiff's rights. Id. at 26, 103 S.Ct. at 942.
 
 
 33
 Our examination of the district court's refusal to abstain is limited to determining whether the district court abused its discretion. See Moses H. Cone, 460 U.S. at 19, 103 S.Ct. at 938-39; Fiedler v. Reliance Elec. Co., 823 F.2d 269, 270 (8th Cir.1987). "A review of the exercise of discretion by a district court for a determination of abuse must be made on the facts and circumstances of the immediate case at hand." Watson v. Miears, 772 F.2d 433, 437 (8th Cir.1985).
 
 
 34
 The facts and circumstances of this case show that the district court did not abuse its discretion in refusing to abstain. A review of the Supreme Court's six factors for consideration reveals no "exceptional circumstances" mandating abstention. The parties agree that the first two factors are inapplicable. The third factor, the presence of piecemeal litigation, is a concern here. The clarifying language in Moses H. Cone, however, militates against this factor's receiving significant weight. As discussed above, the Supreme Court in Moses H. Cone downplayed the significance of the piecemeal litigation consideration where the relevant law requires piecemeal litigation and the federal action is easily severable from the state court action. In this case, Johnston and Lance Simon sued Lewis Simon's estate for negligence and American Family for coverage under Johnston's uninsured motorist insurance. American Family then sued GEICO to determine GEICO's liability under its insurance policy with Lewis Simon. The resolution of these suits necessarily requires piecemeal litigation in that whether GEICO's policy provides coverage is independent of whether Lewis Simon was negligent or whether American Family's policy provides coverage. The determination of GEICO's liability under its policy is easily severable from the state court action and the presence of piecemeal litigation is thus not a significant factor in this case.
 
 
 35
 The fourth factor, which forum acquired jurisdiction first, is also not significant in this case. Johnston and Lance Simon contend that because American Family filed its amended complaint against GEICO on April 7, 1987, and GEICO did not file its declaratory judgment action until April 14, 1988, this factor mandates abstention. As the Supreme Court has observed, however, courts must not give "too mechanical a reading to the 'priority' element." Moses H. Cone, 460 U.S. at 21, 103 S.Ct. at 939-40. Priority should be measured in terms of how much progress has been made in the two actions. Id. Johnston and Lance Simon state that "costly discovery" had been conducted in the state court action before GEICO commenced its federal court action. We note, however, that the parties stipulated that their state court discovery could also be used in the federal action. We also note GEICO's argument, which Johnston and Lance Simon do not contest, that the state court action had been pending for three years and was not set for trial.
 
 
 36
 The fifth factor for consideration is whether state or federal law provides the rule of decision. This factor is important primarily where federal law controls, and weighs against abstention. Johnston and Lance Simon argue that an unsettled question of Missouri law existed concerning the validity of household exclusion clauses and that a state court is the best forum for such a determination. But it is only in "rare circumstances" that the presence of state law issues will favor abstention. Id. at 26, 103 S.Ct. at 942. In this case the question of whether the household exclusion clause violated Missouri public policy was not unsettled. At least three Missouri appellate courts had determined that such clauses were valid, Hussman v. Government Employees Ins. Co., 768 S.W.2d 585 (Mo.Ct.App.1989) (construing the same clause involved in this case); Cameron Mut. Ins. Co. v. Proctor, 758 S.W.2d 67 (Mo.Ct.App.1988); and Foster v. State Farm Mut. Auto. Ins. Co., 750 S.W.2d 494 (Mo.Ct.App.1988), and Johnston and Lance Simon proffered no cases that had held otherwise.[3] This case thus "does not involve complex questions of state law that a state court might be best suited to resolve." Noonan S., Inc. v. County of Volusia, 841 F.2d 380, 382 (11th Cir.1988).
 
 
 37
 The sixth and final factor for consideration is whether the state court proceedings would be adequate to protect the federal plaintiff's rights. Johnston and Lance Simon contend that the state court proceedings would be adequate to protect GEICO's rights, a contention GEICO strongly disputes. Viewing this contention in the light most favorable to Johnston and Lance Simon, however, this factor is still not significant. As the late Judge Vance observed in Noonan:
 
 
 38
 The fact that both forums are adequate to protect the parties' rights merely renders this factor neutral on the question of whether the federal action should be dismissed. This factor will only weigh in favor [of] or against dismissal when one of the forums is inadequate to protect a party's rights.
 
 
 39
 Id. at 383 (emphasis in original).
 
 
 40
 None of the factors for consideration the Supreme Court set forth in the Colorado River or Moses H. Cone opinions creates the "exceptional circumstances" necessary for abstention in this case. Although the district court may not have engaged in as thorough review of the factors as we would have liked, see Manley, Inc. v. Keystone Food Prods., Inc., 859 F.2d 80, 82 (8th Cir.1988); Fiedler, 823 F.2d at 270, based on our review of the facts and circumstances of this case, we conclude that the district court did not abuse its discretion in refusing to abstain.
 
 III.
 
 41
 For the foregoing reasons, we defer to the state law ruling of the federal court sitting in the state whose law controls and hold that GEICO is not liable to Johnston for damages that resulted from medical expenses for Lance Simon's bodily injuries. We find no abuse of discretion in the district court's refusal to abstain. Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 Mullenix, A Branch Too Far: Pruning the Abstention Doctrine, 75 Geo.L.J. 99, 99 (1986). See generally E. Chemerinsky, Federal Jurisdiction Sec. 14 (1989) (explaining and critiquing fourth branch abstention); C. Wright, A. Miller & E. Cooper, 17A Federal Practice & Procedure Sec. 4247 (1988) (same)
 
 
 [3]
 The district court proved prescient with its statement that it "felt confident" that Missouri courts would continue to uphold household exclusion clauses, because the Missouri Supreme Court held in May 1990 that such clauses did not violate Missouri public policy. See American Family Mut. Ins. Co. v. Ward, 789 S.W.2d 791 (Mo.1990)