**EMPLOYERS INSURANCE OF WAUSAU, a mutual company, Appellant.**

v.

**MISSOURI ELECTRIC WORKS, INC., Appellee.**

No. 93–2843.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1994.

Decided May 5, 1994.

L. Kimberly Steele, Dallas, TX, argued (Gerre S. Langton, St. Louis, MO, Paul L. Gingras, Minneapolis, MN, on the brief), for appellant.

Thomas B. Weaver, St. Louis, MO, argued (Edwin L. Noel, on the brief), for appellee.

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and STROM,* District Judge.

STROM, District Judge.

Employers Insurance of Wausau ("Wausau") appeals the district court's[1] order granting the defendant's motion to dismiss Wausau's complaint filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Wausau argues on appeal that the district court erred in abstaining in favor of a pending state court case which raised essentially identical issues. After careful consideration, we find that the district court did not abuse its discretion and affirm.

## I.

This case involves an insurance coverage dispute between an insurance company, Wausau, and its insured, Missouri Electric Works, Inc. ("MEW"), over whether an insurance policy includes coverage for costs relating to the environmental cleanup of a piece of land owned by MEW.

Since 1953, MEW has been in the business of buying, selling, repairing, and refurbishing electrical equipment and devices. While doing business, MEW used certain chemicals that contaminated the land on which MEW conducted its operations ("MEW Site"). After testing the MEW Site, the Environmental Protection Agency ("EPA") ordered MEW and other potentially responsible parties to remedy the contamination. The EPA

---

* The Honorable Lyle E. Strom, Chief Judge, District of Nebraska, sitting by designation.

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

also requested that MEW reimburse it for current and anticipated response costs arising out of the EPA's involvement with the MEW Site.

On June 1, 1992, MEW sued Wausau in the circuit court of Cape Girardeau County, Missouri. In its petition, MEW alleged that Wausau, as its liability insurer from 1957 through 1969, had a duty to defend and indemnify MEW for claims and costs arising from the contamination of the MEW Site. MEW sought declarations and damages arising from this duty to defend and indemnify. On July 2, 1992, Wausau removed the case to the United States District Court for the Eastern District of Missouri. Thereafter, on November 5, 1992, Wausau filed a motion for summary judgment. MEW then filed a motion for leave to dismiss the case without prejudice, which the court granted on December 18, 1992.

On that same date, Wausau filed the declaratory judgment complaint which is the subject of this appeal. In its complaint, Wausau asked the court to declare that the insurance policies Wausau had issued to MEW failed to give rise to a duty to defend or indemnify MEW for expenses incurred in connection with cleaning up the MEW Site. On January 21, 1993, MEW filed a motion to dismiss Wausau's complaint on the basis that the lawsuit failed to raise any claims that were not already covered by a lawsuit that

MEW had filed in the Circuit Court of Cape Girardeau County in 1989. That lawsuit, to which Wausau was added on December 14, 1992, named other insurance companies who had allegedly provided liability insurance coverage for MEW from 1969 through 1988 and addressed the same issue of liability for response costs.

■■■ The district court granted MEW's motion to dismiss. Specifically, the district court held that exceptional circumstances[2] existed which warranted abstention.[3] Based on this Court's recent conclusions in *United States Fidelity & Guar. Co. v. Murphy Oil USA, Inc.,* 21 F.3d 259 (8th Cir.1994) (hereinafter *Murphy Oil*), we review this case for an abuse of discretion, and will "reverse the decision ultimately made only if we determine, giving the district court the deference it is due, that the court abused its considerable discretion in applying those factors."

## II.

■■■ A district court is not obligated to exercise jurisdiction in a diversity case brought under the Declaratory Judgment Act. *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). To decide whether to abstain, a dis-

---

**2.** Under the "exceptional circumstances" test, abstention is the exception, rather than the rule, and a district court has a "virtually unflagging obligation" to exercise jurisdiction and may abstain only when exceptional circumstances exist. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817–18, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 15, 103 S.Ct. 927, 936–37, 74 L.Ed.2d 765 (1983).

**3.** The district court noted that two apparently conflicting Eighth Circuit opinions exist on the issue of the appropriate test to apply when determining whether to abstain from hearing a diversity case brought under the Declaratory Judgment Act. In *Insurance Co. of Pa. v. Syntex Corp.,* 964 F.2d 829, 834 (8th Cir.1992) (citing *Lumbermens Mut. Cas. Co. v. Connecticut Bank & Trust Co.,* 806 F.2d 411, 413–14 (2d Cir.1986)), we held that the "exceptional circumstances test applies to actions brought in federal court under the Declaratory Judgment Act, where diversity is

the basis for federal jurisdiction, and abstention is considered on grounds that wise judicial administration favors deference to a concurrent state court action." A year later, without mentioning *Syntex* or the exceptional circumstances test, we applied *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), wherein the Supreme Court held that a district court has the discretionary power of deciding whether to abstain from deciding a declaratory judgment action. *Aetna Casualty & Sur. Co. v. Jefferson Trust & Savs. Bank,* 993 F.2d 1364, 1366 (8th Cir.1993).

In *United States Fidelity & Guar. Co. v. Murphy Oil USA, Inc.,* 21 F.3d 259, 263 (8th Cir.1994), we clarified our position, holding that, although "a district court should consider the *Colorado River–Moses H. Cone* factors before deciding to abstain from a declaratory judgment action under diversity jurisdiction where a parallel state court action is pending," the *Brillhart* abuse of discretion standard applies in reviewing that decision.

trict court should consider the following factors:

(1) whether there is a res over which one forum has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily settled, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Murphy Oil*, 21 F.3d at 263. (citing *Government Employees Ins. Co. v. Simon*, 917 F.2d 1144, 1148–51 (8th Cir.1990)). *See also, Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23, 26, 103 S.Ct. 927, 941, 942, 74 L.Ed.2d 765 (1983). In examining these factors, the court should keep in mind that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1175–76.

 Applying these factors to this case, the desire to avoid piecemeal litigation and the fact that this issue is controlled by state law all counsel in favor of abstention.[4]

### Avoiding Piecemeal Litigation

MEW has sued both Wausau and USF & G in the pending state court action for damages and indemnification. Although the poli-

cy terms of coverage do not overlap to any great extent in this case, we think it is significant that a Missouri state court will decide this issue regardless of whether we exercise jurisdiction or abstain, making entirely possible conflicting opinions on the issue of whether cleanup costs are considered "damages" within a general liability policy. Conflicting opinions cause unwarranted friction between state and federal courts, a result which is obviously undesirable and avoidable in this instance.

Wausau argues, however, that MEW created the controversy and the possibility for inconsistent interpretations by filing separate suits against separate insurance carriers. In addition, Wausau argues that this case presents the possibility of duplicative, not piecemeal, litigation because the policies involved do not present the same kinds of overlapping terms of coverage as presented in the *Syntex* case.

We reject Wausau's arguments for a number of reasons. First, while it is true that MEW originally filed two suits against two separate insurance carriers, these actions are not so egregious that the Court should punish MEW by subjecting it to potentially inconsistent judgments and duplicative litigation expenses. Moreover, even though an argument can be made that the litigation would be merely duplicative, rather than piecemeal, the possibility still exists " 'of two interpretations of the same policy language in different courts, leaving the insured possibly with insufficient coverage from the insurers after years of paying premiums.' " *Syntex*, 964 F.2d at 834 (*quoting Lumbermens Mut. Casualty Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411, 413–14 (2d Cir. 1986)). Finally, the strong policy argument in favor of having a Missouri court interpret

---

4. Factors 1, 2, 4, and 6 are neutral in this case. Wausau argues that neutral factors should weigh against abstention in light of the Supreme Court's holding that a district court should only abstain in exceptional circumstances. Wausau cites *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir.1988), wherein the Fifth Circuit held that neutral factors weigh against abstention.

We have reviewed *Jimco* and the language in *Colorado River* and *Moses Cone* and find Wau-

sau's argument unpersuasive. Contrary to the Fifth Circuit's interpretation in *Jimco*, neither *Colorado River* nor *Moses Cone* indicate that neutral factors should weigh against abstention. Moreover, in *Syntex*, 964 F.2d at 834–35, and *Simon*, 917 F.2d at 1149, this Court gave no weight to neutral factors. Accordingly, we reject Wausau's argument and hold that neutral factors do not tip the scales against abstention.

Missouri law in this case outweighs any difficulty that we might have had if the only factor warranting abstention was the desire to avoid piecemeal litigation.

### Controlling Law

 Neither party disputes that this case involves an interpretation of Missouri law. We acknowledge that the presence of state-law issues weigh in favor of abstention only in "rare circumstances." *See Moses H. Cone,* 460 U.S. at 26, 103 S.Ct. at 942. We hold, however, that this case presents one of those rare circumstances. In *Government Employees Ins. Co. v. Simon,* 917 F.2d 1144, 1149 (8th Cir.1990), we discussed this factor and noted that the issue presented in that case had been previously settled by the Missouri appellate courts and that the case did " 'not involve complex questions of state law that a state court might be best suited to resolve.' " *Id.* (quoting *Noonan South, Inc. v. County of Volusia,* 841 F.2d 380, 382 (11th Cir.1988). Unlike *Simon,* this case does present one of those "complex questions of state law." As the district court noted, "the instant action involves a significant question of Missouri law as yet not ruled on by a Missouri court, namely whether environmental response costs are a type of 'damages' covered by a standard-form comprehensive general liability policy" *Employers Ins. of Wausau v. Missouri Elec. Works,* No. 92–173, 1993 WL 277034 (E.D.Mo. June 22, 1993). We agree with the district court that such a question is better left for a decision by a Missouri state court.

For the reasons stated above, we hold that the district court did not abuse its discretion by refusing to exercise jurisdiction in this case. Accordingly, we affirm the judgment of the district court.