202 F.Supp.2d 931 (2001)
WAL-MART STORES, INC., Plaintiff,
v.
Vicki WALTERS, d/b/a Twin Pike Shopping Center, Defendant.
No. 2:01CV55DDN.
United States District Court, E.D. Missouri, Northern Division.
October 25, 2001.
*932 Stefan J. Glynias, Dean A. Stark, Lashly and Baer, P.C., St. Louis, MO, for plaintiff.
Susan Ford Robertson, David A. Townsend, Ford and Parshall, Columbia, MO, for defendant.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This matter is before the court on the motion of defendant to dismiss the complaint (Doc. No. 8). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). A hearing was held on October 24, 2001.
Wal-Mart Stores, Inc., commenced this diversity action on June 15, 2001, against Vicki Walters d/b/a Twin Pike Shopping Center (Twin Pike), asserting claims of breach of contract and unjust enrichment. Wal-Mart alleges that it has leased land for one of its stores on property owned by Twin Pike since October 1975 under a written lease agreement and amendments thereto. Wal-Mart alleges that under the lease it is obligated to pay a fixed rent plus a percentage of gross sales. Wal-Mart alleges that for the last quarter of 1996 and for the four quarters of 1997 it mistakenly overpaid the percentage rent in the amount of $137,150.22 and that Twin Pike has refused to return this money.
Twin Pike moves to dismiss the complaint under the abstention doctrine of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), because the parties are already engaged in an action in state court involving the same lease at issue in this case. Attached to the motion to dismiss is a copy of a petition filed by Twin Pike on December 19, 2000, against Wal-Mart in the Circuit Court of Callaway County, Missouri. In this petition, Twin Pike alleges that Wal-Mart breached its lease agreement with Twin Pike by failing to pay $42,732.85 in its agreed-upon proportional share of common area maintenance costs from the fourth quarter of 1995 through the third quarter of 2000. Twin Pike argues that the issues raised by Wal-Mart in this federal action are in the nature of compulsory counterclaims to the state court action.
In Colorado River, the Supreme Court held that under "exceptional circumstances," a federal district court may abstain from hearing a case when there is a pending state court action involving the same subject matter. The Court listed four factors that courts may consider when determining the appropriateness of dismissing a federal suit due to an existing concurrent state proceeding. As restated by the Eighth Circuit, these factors are:
(1) whether the state court first obtained jurisdiction over real property;

*933 (2) whether the federal forum would be inconvenient; (3) whether piecemeal litigation would result; and (4) whether the state or federal court first obtained jurisdiction.
Gov. Employees Ins. Co. v. Simon, 917 F.2d 1144, 1148 (8th Cir.1990); see also, Colorado River, 424 U.S. at 818-19, 96 S.Ct. 1236.
In Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21-26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court expanded the list to include consideration of (5) whether the rules of decision were to be found in federal law or state law; and (6) whether the state court proceedings were adequate to protect the rights of the federal plaintiff.
When determining whether to stay or dismiss a federal action, courts must carefully balance these factors against their "virtually unflagging obligation ... to exercise the jurisdiction given them." Colorado River, 424 U.S. at 817, 96 S.Ct. 1236. At the same time, courts must remain mindful that the balancing test "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." Moses H. Cone, 460 U.S. at 21, 103 S.Ct. 927. The factors are not intended to be exhaustive, nor are they to be mechanically applied. Rather, they are to be pragmatically applied in order to advance the "clear federal policy" of avoiding "piecemeal adjudication." Id.; see also Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc., 48 F.3d 294, 296-97 (8th Cir.1995); Darsie v. Avia Group Int'l, Inc., 36 F.3d 743 (8th Cir.1994) (per curiam).
Here, the court concludes that the balance weighs in favor of allowing the federal action to be litigated. The first factor is irrelevant to the motion to dismiss; there is no res that is a prerequisite to this court's jurisdiction. The second factor, the inconvenience of the federal forum, does not disturb the equilibrium of the scale. The court is informed that the state court plaintiff is a California resident who does business by way of the real estate in Callaway County. The only contact the state court action has with Callaway County is the fact that that is where the Wal-Mart's store is located on Walters' real estate. The second factor does not militate toward abstention.
The third factor, whether prosecution of the two suits would result in piecemeal litigation, does not persuade for abstention. The Eighth Circuit explained this factor:
[T]he Supreme Court in Moses H. Cone downplayed the significance of the piecemeal litigation consideration where the relevant law requires piecemeal litigation and the federal action is easily severable from the state court action.
Simon, 917 F.2d at 1148. The relevant facts of Simon are instructive:
In this case, Johnston and Lance Simon sued Lewis Simon's estate for negligence and American Family for coverage under Johnston's uninsured motorist insurance. American Family then sued GEICO to determine GEICO's liability under its insurance policy with Lewis Simon. The resolution of these suits necessarily requires piecemeal litigation in that whether GEICO's policy provides coverage is independent of whether Lewis Simon was negligent or whether American Family's policy provides coverage. The determination of GEICO's liability under its policy is easily severable from the state court action and the presence of piecemeal litigation is thus not a significant factor in this case.
917 F.2d at 1148-49.
In this case, just as in Simon the two insurers' obligations to cover damages from one motor vehicle incident are independent, so is Wal-Mart's agreement to *934 contribute a share of the common area maintenance costs factually and legally different from its obligation to pay prescribed rates of rent. Nothing in the record gainsays the apparent severability of the parties' claims.
The parties dispute whether Wal-Mart's claim is a compulsory counterclaim of Walters' claim in state court. See Mo. S.Ct. R. 55.32(a); State ex rel. J.E. Dunn, Jr. & Associates, Inc. v. Schoenlaub, 668 S.W.2d 72, 75 (Mo.1984) (en banc) (describing the inclusiveness of the definition of compulsory counterclaim). Whether or not it is a compulsory counterclaim under Missouri law, it is easily severed for separate litigation. Cf., BASF Corp. v. Symington, 50 F.3d 555, 558-59 (8th Cir.1995) (federal courts, where dual litigation will not deprive an allegedly injured party its legitimate choice of forum, "regularly consider the merits of affirmative defenses raised by declaratory [action] plaintiffs"); AAR Internat'l, Inc. v. Nimelias Ent. S.A., 250 F.3d 510, (7th Cir.2001) (in dicta, the court found "no authority ... suggesting that a federal action is parallel to a state or foreign action for Colorado River abstention purposes when the claim upon which the federal action is based is pleadable as a compulsory counterclaim in the other action"). The determination of either the state court action or the instant action will not affect the outcome, factually or legally, of the other. Therefore, this factor throws no weight for abstention.
Similarly, the fourth factor, concerning which case has priority of filing, does not militate toward abstention. The proper consideration of this factor is "how much progress has been made in the two actions." Arkansas Elec. Coops., Inc., 48 F.3d at 299 (quoting Moses H. Cone, 460 U.S. at 21, 103 S.Ct. 927). The court is advised that the earlier-filed state court action is in its discovery stage. The instant action, although at the beginning of the discovery stage, has an efficient case management order and does not appear to be fact-intensive.
The fifth factor, the source of the rules of decision, also does not move the case for abstention. This is not a rare case in which its outcome would await the determination of law by the Missouri courts. Id. at 299.
Finally, the sixth factor, whether the state court proceedings are adequate to protect the rights of the federal plaintiff, militates in favor of abstention. However, given this court's weighty obligation to decide the cases brought before it and the lack of exceptional circumstances that indicate the need for abstention, the sixth factor is not determinative.
The circumstances of this case and the relevant factors do not warrant abstention from proceeding with this action.
Whereupon,
IT IS HEREBY ORDERED that the motion of defendant to dismiss (Doc. No. 8) is denied.