**GLOBE INDEMNITY COMPANY,**
Plaintiff,

v.

**WRENN INSURANCE AGENCY OF MISSOURI, et al., Defendants.**

No. 92–1172–CV–W–3.

United States District Court,
W.D. Missouri, W.D.

March 23, 1993.

**1380**

Ronald L. Holt, Bryan Cave, Kansas City, MO, for plaintiff.

Thomas M. Franklin, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, Timothy J. Sear, Polsinelli, White, Vardeman & Shalton, P.C., Overland Park, KS, Evan A. Douthit, Phillip C. Rouse, Baker, Sterchi & Cowden, Kansas City, MO, for defendant Wrenn Ins. Agency of Missouri.

Evan A. Douthit, Phillip C. Rouse, Baker, Sterchi & Cowden, Kansas City, MO, for defendant R. Michael Wrenn.

Dennis R. Dow, Mark Moedritzer, Shook, Hardy & Bacon, Bruce B. Waugh, Gilliland & Hayes, P.A., John K. Sherk, III, Gilliland & Hayes, P.A., Kansas City, MO, for defendant Oak Park Bank.

William F. Schoeb, Wirken & King, Kansas City, MO, for defendant Midland Bank Overland Park, N.A.

## ORDER

ELMO B. HUNTER, Senior District Judge.

Defendant Oak Park Bank (Oak Park) has filed a motion to dismiss it from this proceeding, or, alternatively, to stay the claims asserted against it in Plaintiff Globe Indemnity Company's (Globe) Complaint. In an analogous motion, Oak Park moves this Court to dismiss or stay the crossclaim asserted against it by Defendants Wrenn Insurance Agency, Inc. (Wrenn Insurance), and R. Michael Wrenn. Oak Park argues that this Court should dismiss or stay the above-described claims, under the *Colorado River* abstention doctrine,[1] because of duplicative claims pending in the Kansas State Court.

## BACKGROUND

This suit involves several different parties and includes, among other things, competing claims on various sums of money. With regard to this motion, at issue are: (1) a Money Market Account from which Oak Park removed approximately (setoff) $746,000.00; (2) a Checking Account from which Oak Park removed approximately $226,000.00 to pay on various notes; (3) a Payroll Account from which Oak Park removed approximately $5,000.00 to pay on a note; money was also transferred from this account to the checking account; and (4) Certificates of Deposit from which Oak Park took approximately $368,-000.00 to pay on notes.

This case derives from an earlier bankruptcy action. Below is a summary chronology of related actions:

1. February 26, 1992, Wrenn Insurance Agency of Missouri, Inc. (Wrenn Missouri), filed in the United States Bankruptcy Court for the Western District of Missouri for Chapter 11 protection;

2. June 1, 1992, Globe filed an adversary proceeding in the bankruptcy court against the same defendants joined in

---

1. The Supreme Court, in a line of cases bounded by *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) and *Arizona v. San Carlos Apache Tribe of Arizona,* 463 U.S. 545, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983), set out the factors to be balanced in guiding a federal district court's decision regarding whether or not it should abstain when similar or duplicative litigation is pending in a state court.

this action and raising essentially the same claims;

3. July of 1992, Oak Park filed a motion for dismissal of Globe's claims against it in the adversary proceeding;

4. August 12, 1992, Wrenn Insurance, the Wrenn Venture Company, R. Michael Wrenn and Norma Wrenn filed an action in Kansas State Court against Oak Park challenging, among other things, actions taken by Oak Park against the various accounts and funds described above;

5. September 28, 1992, the Bankruptcy Judge, the Hon. Frank W. Koger granted Oak Park's motion for dismissal in the bankruptcy court;

6. September 29, 1992, Oak Park filed a declaratory judgment action in Kansas State Court to establish the parties' respective rights to the various accounts and funds at issue in the adversary proceeding and the other Kansas State Court case.

7. October 21, 1992, Judge Koger transferred the adversary proceeding to this Court due to the jury demand, which had been made by Globe and Wrenn Missouri.

8. November 18, 1992, this Court held a scheduling conference, during which the Court and the parties discussed, among other things, the most efficient manner for proceeding in this case.

9. December 7, 1992, Judge Koger entered an Order lifting the Stay to allow Globe to name Wrenn Missouri as a defendant in a federal diversity action, per discussions held at the November 18th conference.

10. December 23, 1992, this case was filed and the parties also filed a joint stipulation and motion for dismissal in the adversary proceeding.

## I.

Oak Park urges that, because of the parallel actions proceeding in the Kansas State Court, this Court should either dismiss or stay the claims pending in this action against Oak Park. Oak Park asserts that dismissal or stay is called for under the *Colorado River* abstention doctrine, stating that the general principle underlying *Colorado River* abstention is avoidance of duplicative litigation.

To be sure, parallel litigation involving the same parties and the same issues and proceeding simultaneously in federal and state courts adds greatly to litigation expense and inefficiency. Such duplicative costs are wasteful and should be avoided in appropriate cases.

This Court, however, believes that Oak Park would have the *Colorado River* abstention doctrine applied too broadly. The Court reads *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and its progeny to instruct that such abstention is to be applied only in limited and exceptional circumstances. *See also Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *see also* ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 14.2 at 662–63 (1989).

■ It is well settled that the fact that a case is proceeding in one court does not necessarily defeat jurisdiction of a parallel case in another court. *See, e.g., McClellan v. Carland*, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910); *Stanton v. Embrey*, 93 U.S. (3 Otto) 548, 554, 23 L.Ed. 983 (1877). In *Colorado River*, the Supreme Court held that abstention, in deference to a pending state court action, is appropriate, not as a general rule, but only in suits involving truly exceptional circumstances. 424 U.S. at 818, 96 S.Ct. at 1246. Moreover, the Supreme Court stressed that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them and, as a general rule, should not abstain merely on the basis of parallel state proceedings. *Id.* at 817, 96 S.Ct. at 1246.

■ *Colorado River* and its progeny have established several factors for district courts to apply in determining whether or not abstention is appropriate. The factors to be considered by the district court are: (1) the problems that occur when a state and federal court assume jurisdiction over the same res; (2) the relative inconvenience of the federal forum; (3) the desirability to avoid piecemeal

litigation; (4) the order in which the courts obtained jurisdiction;[2] (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the parties' rights.[3] *Insurance Company of Pennsylvania v. Syntex Corp.*, 964 F.2d 829, 834 (8th Cir.1992) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

■ These factors are not a "mechanical checklist" but require careful balancing. *Moses H. Cone Hospital*, 460 U.S. at 16, 103 S.Ct. at 937. "No one factor is necessarily determinative." *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1247. Once undertaken, this balancing is "heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone Hospital*, 460 U.S. at 16, 103 S.Ct. at 937, and "[o]nly the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247. The Court will take these factors up seriatim, in the context of this case, in Part III., *supra*.

## II.

■ At the threshold, prior to employing the *Colorado River/Moses H. Cone Hospital* balancing test, the district court must determine whether the state and federal suits, in question, are truly parallel. *Day v. Union Mines, Inc.*, 862 F.2d 652, 655 (7th Cir.1988). Suits are deemed to be "parallel" when substantially the same parties are contemporaneously litigating substantially the same issues in separate forums. *Id.*

As it stands now, the relevant cases are: (1) a Kansas case brought by Wrenn Insurance, R. Michael Wrenn and Norma Wrenn against Oak Park Bank, which seeks damages for actions taken by Oak Park in setting off funds in various accounts and certificates of deposit; (2) a Kansas case brought by Oak Park against Globe and Midland Bank Overland Park, N.A., which seeks a declaratory

judgment to determine these parties' respective rights to the funds in certain accounts, at issue in the first Kansas case and the instant case; and (3) the instant federal action brought by Globe against Wrenn of Missouri, Wrenn Insurance, R. Michael Wrenn, Oak Park Bank and Midland Bank Overland Park, N.A., which seeks declaratory judgment, injunctive relief and damages, under a variety of theories, including breach of contract, breach of fiduciary duty and conversion and also seeking a declaration of rights in the various account funds.

It is true that all of the above cases arose out of the same core of operative facts. It is also the case, however, that the Kansas cases, either together or separately, do not include all of the same parties involved in the instant federal litigation. Similarly, the various claims among the suits are not uniform. Notably, Wrenn of Missouri is not a party to either Kansas state case. Furthermore, either dismissing Oak Park from this action or abstaining until one or both of the Kansas cases get fully litigated would still leave remaining claims to be resolved by this Court in this case.[4]

Accordingly, the Court **FINDS** that the actions at issue in this motion are not "parallel" cases for purposes of the *Colorado River* abstention doctrine.

## III.

■ Notwithstanding this finding, the Court will assume *arguendo* that the actions at issue here are "parallel" cases and go on to apply the *Colorado River/Moses H. Cone Hospital* balancing test.

### A. PROBLEMS THAT OCCUR WHEN STATE AND FEDERAL COURT ASSUME JURISDICTION OVER THE SAME RES

This factor emanates from the long entrenched rule that in actions concerning *real*

---

2. These first four factors were announced by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818–19, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976).

3. These latter two factors were added in *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 23, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

4. This issue will be addressed more thoroughly in III., C., *supra*.

*property,* the court establishing jurisdiction first is entitled to exclusive jurisdiction in the matter. CHEMERINSKY, § 14.2 at 660. The bedrock cases establishing this principle dealt with situations where a particular court had custody or control over a specific parcel of real estate or a particular piece of property in an in rem or quasi in rem action. *E.g., Princess Lida v. Thompson,* 305 U.S. 456, 465–68, 59 S.Ct. 275, 280–81, 83 L.Ed. 285 (1939); *Peck v. Jenness,* 48 U.S. (7 How.) 612, 12 L.Ed. 841 (1850).

Oak Park describes its Kansas state case as an action to quiet title in certain funds. Oak Park states that an action to quiet title is an action in rem or quasi in rem; therefore, under *Colorado River* this Court should defer to the Kansas state court. This assertion seeks to prove too much. As apprehended by this Court, in rem and quasi in rem are bases for the Court to obtain jurisdiction, not a type of action. Further, in the wake of *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) (same standards of fairness should apply to assertions of in rem jurisdiction as to in personam jurisdiction), it would seem that distinctions between in rem and in personam jurisdiction are largely fictional.[5] This Court agrees with the opinion expressed by the Second Circuit in *Levy v. Lewis* that this factor is best described as a prudential doctrine, rather than a matter of jurisdiction with little independent meaning. 635 F.2d 960, 964 (2d Cir.1980); *see also* Linda S. Mullenix, *A Branch Too Far: Pruning the Abstention Doctrine,* 75 GEO.L.J. 99, 119–20, 129–32 (1986).

As described by the parties, regardless of what label one puts on it, it seems to the Court that the Kansas action to "quiet title" could accurately be described as an in personam action to determine the respective rights to certain funds as between Oak Park, Globe and Midland Bank. In Kansas

[a]n action may be brought by any person claiming title or interest in personal or real property, including oil and gas leases, mineral or royalty interests, against any person who claims an estate or interest therein adverse to him or her, for purposes of determining such adverse claim.

KAN.STAT.ANN. § 60–1002 (1983). The Court perceives nothing remarkable about the Kansas action described by Oak Park—in the end it appears to be no more than a case between parties about money. In rem jurisdiction is not a shibboleth for *Colorado River* abstention. Clothing this prudential factor in the garb of an anachronistic jurisdictional principle will not automatically lead to federal court abstention. Additionally, as noted by Globe, these cases are about money, no unique parcel of realty or article of personalty is involved.

After careful consideration this Court **FINDS** that this factor, in and of itself, is not dispositive and does not mandate abstention.

## B. RELATIVE INCONVENIENCE OF THE FEDERAL FORUM

The question here is not merely which forum is the more convenient, rather it is whether the federal forum is so inconvenient as to militate in favor of abstention. *Evanston Insur. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1195 (5th Cir.1988). All parties to this litigation, with the exception of Oak Park, agree that the United States District Court for the Western District of Missouri is the most efficient, and presumably most convenient forum, within which to prosecute this litigation. Additionally, as a practical matter, it is difficult to argue with any force that, whether this matter is forumed in Johnson County,

---

5. The Supreme Court in *Shaffer v. Heitner* stated:
   The case for applying to jurisdiction *in rem* the same test of "fair play and substantial justice" as governs assertions of jurisdiction *in personam* is simple and straightforward. It is premised on recognition that "[t]he phrase, 'judicial jurisdiction over a thing,' is a customary elliptical way of referring to jurisdiction over the interests of persons in a thing." This recognition leads to the conclusion that in order to justify an exercise of jurisdiction *in rem,* the

basis for jurisdiction must be sufficient to justify exercising "jurisdiction over the interests of persons in a thing."
433 U.S. 186, 207, 97 S.Ct. 2569, 2581, 53 L.Ed.2d 683 (1977) (citations omitted).
   The fiction that an assertion of jurisdiction over property is anything but an assertion of jurisdiction over the owner of property supports an ancient form without substantial modern justification.
*Id.* at 212, 97 S.Ct. at 2584.

Kansas or Jackson County, Missouri (the Western District of Missouri), there is any appreciable difference. Certainly, any difference, if one exists at all, is not sufficient to tip the balance in favor of abstention.

This Court **FINDS** that there is no appreciable difference between the state and federal forum on the basis of convenience.

### C. DESIRABILITY OF AVOIDING PIECEMEAL LITIGATION

Presently, there exist two independent Kansas State Court cases, which may or may not be consolidated,[6] and this federal case. Even if the two Kansas cases are consolidated into one case, neither the parties nor the issues in the consolidated Kansas case are identical to the parties and issues in this federal case. Simply put, the two Kansas cases, once fully litigated, may not address all issues between all parties in this case; on the other hand, once this case is fully litigated, it should resolve all issues between all parties existing in the Kansas cases.

Some courts have indicated that the single most important factor to consider is the avoidance of piecemeal litigation. *E.g., Universal Marine Insurance Co. v. Beacon Insurance Co.,* 592 F.Supp. 948, 954 (W.D.N.C. 1984). Abstaining in this matter, in deference to the Kansas litigation, seems certain to leave unresolved claims. Indeed, this Court is convinced that abstaining in this case will have the likely effect of leading to piecemeal litigation. This Court is equally convinced that the most direct route to resolving all claims and issues among the various parties is to proceed in this case as expeditiously as possible.

Accordingly, this Court **FINDS** that consideration of this factor counsels against abstention.

### D. ORDER IN WHICH THE COURTS OBTAINED JURISDICTION

Oak Park asserts that, since the Kansas cases were filed before this action, the Kansas court was the first to obtain jurisdiction. On this basis, Oak Park urges this Court to abstain. While technically accurate, this chronology leaves out important facts predating the filing date of this action.

This action emanates from a bankruptcy proceeding filed in the United States Bankruptcy Court for the Western District of Missouri on February 26, 1992,[7] which was transformed into an adversary proceeding on June 1, 1992 (prior to the filing of either Kansas action). The bankruptcy action came before this Court after a jury demand was made. After consultation with the parties, the parties and the Court determined that the most efficient forum to litigate all claims was this federal forum. Additionally, it was deemed most practical and most efficient to proceed by dismissing the adversary proceeding and filing the instant case. Accordingly, properly viewed, this case is merely a continuation of or successor action to the adversary proceeding brought in the bankruptcy court.[8] Viewed in this manner, the parties and issues in this case were first in front of the federal, not the state, court.

■ In consideration of this factor, it is also appropriate for the Court to consider whether the filing of either litigation was vexatious or reactive in nature. *Moses H. Cone Memorial Hospital,* 460 U.S. at 16, 103 S.Ct. at 937. If so, such a finding may influence the Court's decision whether to defer to the parallel state litigation. *Id.* The above discussion demonstrates that this federal filing is neither vexatious or reactive. Accordingly, this consideration has no bearing here.

Finally, it is appropriate for the Court to consider the relative progress that has been made in the respective cases. Here, Oak

---

6. The parties indicate that the judge in the second Kansas case has suggested that the Kansas cases be consolidated, but, so far as represented to this Court, at this time, such consolidation has not occurred. In any event, even if the Kansas cases are consolidated, the fact remains that the claims, issues and parties, as between the Kansas cases and this federal cases, are not all the same.

7. This date predates the filing of either Kansas case by several months.

8. The United States Bankruptcy Court for the Western District of Missouri, is a division of the United States District Court for the Western District of Missouri.

Park represents that significant progress has been made in the Kansas litigation. Globe, on the other hand, represents that little progress has been made in any of the three cases. In any event, there is no practical prohibition against utilizing the product of the Kansas discovery in this case. *See Government Employees Insurance Co. v. Simon,* 917 F.2d 1144 (8th Cir.1990). Additionally, the parties in this case, in addition to any discovery undertaken, have expended energy and resources in formulating a proposed plan for litigation, which promises to move this case promptly toward final resolution.

Accordingly, this Court **FINDS** consideration of this factor counsels against abstention.

### E. WHETHER STATE OR FEDERAL LAW CONTROLS

■ Oak Park argues that, since the issues raised in this case are largely governed by state law, consideration of this factor is weighted in favor of abstention. Admittedly, some courts have taken the view that *Moses H. Cone Memorial Hospital* teaches that, in cases involving no federal question, a federal court should abstain in favor of litigation in front of the state court. *E.g., Miles v. Grove Mfg. Co.,* 537 F.Supp. 885 (E.D.Va.1982). This Court thinks such cases read *Moses H. Cone Memorial Hospital* too broadly. In fact, the Court said "[a]lthough *in some rare circumstances* the presence of state-law issues *may* weigh in favor of ... surrender, ... the presence of federal-law issues *must always* weigh against surrender." *Moses H. Cone Memorial Hospital,* 460 U.S. at 26, 103 S.Ct. at 942 (emphasis added).

This Court interprets *Moses H. Cone Memorial Hospital* as teaching that existence of a federal question weighs heavily against abstention. When a district court faces federal questions or has exclusive jurisdiction of federal issues, this choice of law factor takes on independent significance and weighs heavily against abstention. *See, e.g., Kruse v. Snowshoe Co.,* 715 F.2d 120, 124 (4th Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1413, 79 L.Ed.2d 739 (1984). That said, it does not inexorably follow that the converse is also true.

Of course, if there were new or unique questions of state law to be considered, the balance might be tipped in the other direction. This Court, however, is well suited to address and resolve the issues raised in this case, which is, in virtually all respects, fairly typical commercial litigation. Even though this case poses questions of state law, it is most unlikely that this Court will be forced to forge new state law doctrines or wander into unknown areas where state court guidance is lacking. *See generally Delvaux v. Ford Motor Co.,* 518 F.Supp. 1249, 1252 (E.D.Wis.1981).

The Court **FINDS** that consideration of this factor does not weigh in favor of abstention.

### F. ADEQUACY OF THE STATE FORUM

As already noted, there are parties and claims in this federal action that are not present in the state court actions. "[A]n important reason against allowing a stay is the probable inadequacy of the state-court proceeding to protect ... rights [of a party]." *Moses H. Cone Memorial Hospital,* 460 U.S. at 26, 103 S.Ct. at 942.

> When a district court decides to dismiss or stay under *Colorado River,* it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the *complete and prompt resolution* of the issues between the parties. If there is *any substantial doubt* as to this, it would be *serious abuse* to grant the stay or dismissal at all.

*Id.* at 28, 103 S.Ct. at 943 (citations omitted) (emphasis added). If this Court were to abstain in this matter, it would be left with serious doubt as to whether there would or could be complete resolution of all the issues between all the parties.

The Court **FINDS** that consideration of this factor weighs against abstention in this case.

### IV.

■ Defendant Oak Park also moves this Court to dismiss or stay the crossclaim asserted against it by Wrenn Insurance and R. Michael Wrenn. Oak Park urges that this Court should decline to exercise jurisdiction

in this matter because such exercise of jurisdiction would be squarely at odds with the purposes of 28 U.S.C. § 1367, which provides for supplemental jurisdiction and because dismissal or stay is called for under application of the *Colorado River* abstention doctrine. This Court disagrees.[9]

## A. SUPPLEMENTAL JURISDICTION

Title 28 United States Code, section 1367(c) provides four grounds upon which a district court *may* decline to exercise supplemental jurisdiction:

> (1) the claim raises a novel or complex issue of State law,

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

> (3) the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367 (West Supp.1992).

Subsections (3) and (4) have no application to this matter. With regard to subsection (1), the Court has already noted that this case does not raise novel or overly complex issues of state law. Finally, regarding subsection (2), the claims raised do not so predominate over the other claims in this case as to make declination of jurisdiction advisable. In fact, they are closely related to the other claims and issues to be resolved by this litigation. In sum, the Court understands § 1367 to provide that any declination of supplemental jurisdiction "should be reserved for situations in which there are 'compelling reasons.'" David D. Siegel, *Practice Commentary*, 28 U.S.C.A. § 1367 (West Supp.1992); *see also* House Rep. of the Comm. on the Judiciary (Rep. 101–734, p. 29).

In any event, if one or more of the above criteria are present, § 1367(c) says the Court *may* (not must) decline to exercise its jurisdiction. This Court reads 28 U.S.C. § 1367(c) as "importing the usual broad degree of discretion" to the district court's deci-sion. David D. Siegel, *Practice Commentary*, 28 U.S.C.A. § 1367 (West Supp.1992).

In this case, the Court **FINDS** no compelling reasons to cause it to decline to exercise its supplemental jurisdiction over the crossclaim in question.

## B. *COLORADO RIVER* ABSTENTION DOCTRINE

The arguments pressed here by Oak Park differ in no appreciable degree from those raised in its main motion to stay or dismiss it from these proceedings. Accordingly, the Court finds its discussion of *Colorado River* abstention doctrine, *supra,* dispositive of these issues.

## CONCLUSION

In light of the above discussion and the aforementioned reasons it is hereby

**ORDERED** that Defendant Oak Park Bank's motion for this Court to dismiss it from this proceeding, or, alternatively, to stay the claims asserted against it in Plaintiff Globe Indemnity Company's Complaint is **DENIED.** It is further

**ORDERED** that Oak Park's analogous motion for this Court to dismiss or stay the crossclaim asserted against it by Defendants Wrenn Insurance and R. Michael Wrenn is also DENIED.

**IT IS SO ORDERED.**

---

9. The Court notes that the time has not yet run for parties to respond to this motion. The Court, however, in this case, deems such response unnecessary.