**CENTURY INDEMNITY CO., Appellant,**

**v.**

**McGILLACUTY'S, INC., David Kennedy and Cindy Kennedy, Appellees.**

No. 86–2374.

United States Court of Appeals, Eighth Circuit.

Submitted April 24, 1987.

Decided June 4, 1987.

Ted L. Perryman, St. Louis, Mo., for appellant.

Joseph H. Moore, Kansas City, Mo., for appellees.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Century Indemnity Company appeals from the district court's[1] dismissal without prejudice of its declaratory judgment suit. Century Indemnity issued a liability insurance excess policy to McGillacuty's, Inc. After a slip and fall accident on the premises at McGillacuty's restaurant, it brought this action for a declaration that its policy

---

**1.** The Honorable John W. Oliver, Senior United States District Judge for the Western District of Missouri.

did not provide coverage to McGillacuty's after McGillacuty's primary carrier, Iowa National Insurance Company, had gone into receivership and its obligations under its policy had been taken over by the Missouri Insurance Guaranty Association. Appellant argues that the district court erred in declining to exercise its discretionary jurisdiction over the case. We affirm.

David and Cindy Kennedy brought suit against McGillacuty's as a result of injuries David sustained when he slipped and fell in McGillacuty's restaurant. Shortly after the suit was filed, McGillacuty's primary insurance carrier, Iowa National, went into receivership.

To protect insureds when their insurers go bankrupt, Mo.Ann.Stat. § 375.785 (Vernon Supp.1987) created the Missouri Insurance Guaranty Association (MIGA), which provides defense and insurance coverage up to a statutory limit.[2] Counsel for McGillacuty's informed the district court by letter that MIGA agreed to provide a defense, but denied liability coverage. The MIGA position, according to McGillacuty's counsel's letter, which is provided to this court by an addendum to Century Indemnity's brief, was that when the primary carrier was insolvent, the excess carrier becomes the primary carrier and should pay the entire claim. Century Indemnity filed this declaratory judgment action seeking a declaration that it had no duty to defend or responsibility for coverage until after McGillacuty's liability for this claim was shown to be over $500,000. Neither MIGA nor the receiver for Iowa National has been joined as a party to this suit, and none of the insurers is a party in the underlying slip and fall suit in Missouri circuit court. The district court dismissed the suit on the basis of its discretionary jurisdiction because the state court had not yet decided the basic question of McGillacuty's liability to the Kennedys. The court explained that there may never be any need to decide how the coverage should be divided. It also noted that interpretation of the Missouri insurance guaranty statute is better left to the state courts.

■ Federal courts have discretion to decide whether they will exercise jurisdiction under the declaratory judgment act. 28 U.S.C. § 2201 (1982); *Green v. Mansour,* 474 U.S. 64, 106 S.Ct. 423, 428, 88 L.Ed.2d 371 (1985); *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); *Grand Trunk W. R.R. Co. v. Consolidate Rail Corp.,* 746 F.2d 323, 325 (6th Cir.1984); *Alsager v. District Court,* 518 F.2d 1160, 1163 (8th Cir.1975). Although this decision is discretionary, our standard of review is more stringent than the "abuse of discretion" standard; we may substitute our judgment for the lower court's. *Alsager,* 518 F.2d at 1163; *see also Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 462 (6th Cir.1986) (*de novo* review); *Interdynamics, Inc. v. Wolf,* 698 F.2d 157, 167 nn. 9 & 10 (3d Cir.1982) (regular abuse of discretion standard applies when district court has granted declaratory relief, less deferential standard when it has declined jurisdiction).

■ Applying this heightened level of review, we find that the district court nonetheless correctly declined to grant declaratory relief. When an insured's liability has not yet been determined, a court should refrain from deciding which insurance company is liable for coverage, especially when coverage is admitted but they are arguing about which is the primary carrier and which is the excess carrier. *See United States Fidelity & Guar. Co. v. Millers Mut. Fire Ins. Co. of Texas,* 396 F.2d 569, 571 n. 2 (8th Cir.1968); *Universal Underwriters Ins. Co. v. Wagner,* 367 F.2d 866, 871–72 n. 7 (8th Cir.1966). Other circuits have held that the district court should never take jurisdiction of such a suit when the underlying claim has not been decided. *See Travelers Indemnity Co. v. Standard Accident Ins. Co.,* 329 F.2d 329, 330–31 (7th Cir.1964); *Nationwide Mut. Ins. Co. v.*

---

**2.** The parties refer to a limit of $50,000. The statute was amended in 1986, the change to be effective after this suit was filed, to make the limit $300,000. Mo.Ann.Stat. § 375.785.4(1)(a) (Vernon Supp.1987). Even if the newer version applied to this case, the limit would be less than the $500,000 that Century claims is necessary to trigger its coverage.

*Fidelity & Casualty Co. of New York,* 286 F.2d 91, 92 (3d Cir.1961); *American Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmers' Mut. Casualty Ins. Co.,* 280 F.2d 453, 461 (5th Cir.1960). In this case, if McGillacuty's is exonerated, there will be no need to decide the coverage question. If the Kennedys recover, the issue as to the insurers will differ substantially, depending upon the amount of the judgment. It would be a misuse of limited judicial resources to decide hypothetical issues. When the case in the state court has been tried and a judgment entered, the parties will be free to litigate the liability of the respective insurers.

The district court's dismissal is affirmed.