UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Appellant,

v.

MURPHY OIL USA, INCORPORATED,
Appellee.

No. 93–2118.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1993.

Decided April 8, 1994.

Lon A. Berk, Washington, DC, argued (Stephen Zielezienski and Walter J. Andrews of Washington, DC and Sharon Rau Dissinger of Baltimore, MD, appeared on the brief), for appellant.

M. Samuel Jones, III, Little Rock, AR, argued (Eugene Anderson and Tracy Makow, New York City and James Baine and Timothy New, El Dorado, AR, appeared on the brief), for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

United States Fidelity and Guaranty Company (USF & G) appeals the District Court's[1] decision to stay USF & G's declaratory judgment action brought in that court against Murphy Oil USA, Inc., in favor of a similar action, filed by Murphy Oil, pending in state court. We affirm.

In 1991 USF & G filed an action in the United States District Court for the Southern District of Alabama seeking a declaration that its insurance contracts with Murphy Oil do not provide coverage for four environmental claims against Murphy Oil. A few months later, Murphy Oil filed a similar action in state court in El Dorado, Arkansas, Murphy Oil's headquarters and principal place of business. The state action named all of Murphy Oil's primary and excess insurance carriers, including USF & G, that might be obligated to indemnify Murphy Oil on six underlying environmental claims, including the four in the federal action. There is no dispute that both cases require the application of Arkansas state insurance law.[2] The day after Murphy Oil filed suit in state court, it moved to dismiss or to stay or, in the alternative, to transfer USF & G's federal action, and by the end of the year the case was transferred to the United States District Court for the Western District of Arkansas in El Dorado. Shortly thereafter, Murphy renewed its motion to dismiss or stay the federal action. In January 1993 the Magistrate Judge recommended the motion be denied, but the District Court rejected the Magistrate's Findings and Recommendations on April 1, 1993, and ordered the federal action stayed. This appeal followed.

Initially we must resolve a dispute between the parties regarding the applicable law and appropriate standard of review, and at the same time reconcile what might appear to be conflicting decisions from this Court on the same issues.

■ USF & G's suit is for a declaratory judgment and was brought under the District Court's diversity jurisdiction. Years ago, the Supreme Court noted that district courts are "under no compulsion to exercise" their jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (1988). *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). The Court said, "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 495, 62 S.Ct. at 1175–76. Since then, the Court reaffirmed its "prior holding that a federal district court should, in the exercise of discretion, decline to exercise diversity jurisdiction over a declaratory judgment action raising issues of state law when those same issues are being presented contemporaneously to state courts." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 126, 88 S.Ct. 733, 746, 19 L.Ed.2d 936 (1968) (citing *Brillhart*, 316 U.S. 491). Very recently, the Court reiterated the position: "As we have

1. The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

2. USF & G states in its reply brief that the choice of law issue has not been decided. Reply Brief of Appellant at 19 n. 7. Nevertheless, USF & G does not suggest that something other than Arkansas law would apply and apparently has assumed (if not conceded) as much throughout this litigation, most recently in its main brief. We think it rather disingenuous of USF & G to intimate now that the choice might be other than Arkansas law.

noted, the Declaratory Judgment Act affords the district court some discretion in determining whether or not to exercise that jurisdiction, even when it has been established." *Cardinal Chem. Co. v. Morton Int'l, Inc.,* —— U.S. ——, ——, 113 S.Ct. 1967, 1974 n. 17, 124 L.Ed.2d 1 (1993) (citing *Brillhart,* 316 U.S. at 494–96, 62 S.Ct. at 1175–76). The language of the Act dictates that result: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201 (emphasis added).

After *Brillhart,* the Supreme Court announced two decisions that elaborated upon the discretion vested in the district court to abstain from the exercise of federal jurisdiction when a parallel state action is pending, in essence articulating a new abstention doctrine.[3] *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). From these two cases emerged the "exceptional circumstances" test, six factors to be considered when a district court is called upon to abstain from exercising its jurisdiction because of a pending state action. It was clear from the Court's opinions that it viewed the district courts' obligation to exercise jurisdiction in such cases as almost without exception.

Neither *Colorado River* nor *Moses H. Cone,* however, were declaratory judgment actions brought under diversity jurisdiction, so the applicability of the "exceptional circumstances" test to declaratory judgment diversity actions remained an unanswered question. In 1990 a panel of this Court applied the *Colorado River-Moses H. Cone* factors to a declaratory judgment diversity jurisdiction case and determined that the district court had not abused its discretion by refusing to abstain in favor of a pending state action. *Government Employees Ins. Co. v.*

*Simon,* 917 F.2d 1144, 1148–51 (8th Cir.1990) (hereinafter *GEICO* ). Two years later, we spelled it out in no uncertain terms: "[T]he *Colorado River/Moses H. Cone* exceptional circumstances test applies to actions brought in federal court under the Declaratory Judgment Act, where diversity is the basis for federal jurisdiction, and abstention is considered on grounds that wise judicial administration favors deference to a concurrent state court action." *Insurance Co. of Pa. v. Syntex Corp.,* 964 F.2d 829, 834 (8th Cir.1992). The *Syntex* Court, however, reviewed the district court's decision only for an abuse of discretion, as had the *GEICO* Court before it. A year later, this Court affirmed the dismissal of a declaratory judgment diversity action, citing *Brillhart* and noting, "[T]he federal courts' power to exercise jurisdiction over declaratory judgment actions is discretionary." *Aetna Casualty & Sur. Co. v. Jefferson Trust & Sav. Bank of Peoria,* 993 F.2d 1364, 1366 (8th Cir.1993). Possibly because this was a summary affirmance under Eighth Circuit Rule 47B, the Court did not discuss *Colorado River* or *Moses H. Cone,* so it is unclear whether the factors from those cases were applied. In any event, the Court reviewed the decision under the abuse of discretion standard.

■■■ We think *Syntex* and *Jefferson Trust* are reconcilable. The discretionary nature of the district court's exercise of jurisdiction in declaratory judgment actions does not mean that the decision to abstain can be made "as a matter of whim or personal disinclination." *Public Affairs Assocs., Inc. v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962) (per curiam). The conclusion that the district court has discretion to make a decision does not mean that the decision is made under no guidelines whatever. The *Brillhart* Court recognized that proposition. While noting some of the factors a district court might consider in exercising its discretion (some of which are not unlike some of the *Colorado River-Moses H. Cone* factors), the Court declined to "attempt

**3.** This " 'fourth type' of abstention . . . concerns whether a federal court may stay or dismiss an action on the sole ground that there is a similar action pending in state court in which the con-

troversy between the parties can be resolved." 17A Charles Alan Wright *et al.,* Federal Practice and Procedure § 4247, at 116–17 (1988) (footnote omitted).

a comprehensive enumeration of what in other cases might be revealed as relevant factors governing the exercise of a District Court's discretion." *Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1176. *Syntex* has revealed that, in this Circuit, the district court's discretion in a declaratory judgment action brought under diversity jurisdiction while a parallel state action is pending is informed by the *Colorado River–Moses H. Cone* "exceptional circumstances" factors. But declaring the test that should apply neither narrows the scope of the district court's discretion in applying those factors nor broadens the scope of review by this Court on appeal.[4]

■ It is clear to us that *Brillhart* survives *Colorado River* and *Moses H. Cone* in declaratory judgment actions, and that *Syntex* does not hold otherwise. After *Colorado River* was decided (but before the decision in *Moses H. Cone*), a divided Supreme Court had occasion to consider "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246, and the plurality opinion noted that the obligation was not without limitation even in an action that was not seeking a declaratory judgment. "That ['unflagging obligation'] language underscores our conviction that a district court should exercise its discretion with this factor in mind, but it in no way undermines the conclusion of *Brillhart* that the decision whether to defer to the concurrent jurisdiction of the state court is, in the last analysis, a matter committed to the district court's discretion." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 664, 98 S.Ct. 2552, 2558, 57 L.Ed.2d 504 (1978) (plurality opinion). Four justices joined this part of the opinion. The dissenting opinion in this case, joined by four justices as well (all of whom were a part of the six-justice *Colorado River* majority), also is enlightening on the ques-

4. We are not the only circuit to have arrived at a hybrid sort of "abstention" for cases such as this one, drawing upon both *Brillhart* and *Colorado River–Moses H. Cone*. The First Circuit applied the *Colorado River* test in a case similar to this one, but quoted *Brillhart* at some length and applied the abuse of discretion standard. *Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 310–11 (1st Cir.1986). In a later case, the court stated that "a court may abstain in declaratory judgments under less than exceptional circumstances," yet still applied factors largely distilled from the *Colorado River* abstention doctrine, noting that they are parallel to factors historically relevant in the decision whether to exercise jurisdiction over declaratory judgment actions. *Rivera–Puig v. Garcia–Rosario*, 983 F.2d 311, 320, 321 & n. 14 (1st Cir.1992).

The remaining circuits that have considered the question are split. The Second Circuit has said that *Colorado River* abstention applies to declaratory judgment actions, but cited as support First and Ninth Circuit cases that are no longer viable. *Lumbermens Mut. Casualty Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411, 413–14 (2d Cir.1986). The Third, Fourth, and Ninth Circuits have concluded that the *Colorado River–Moses H. Cone* test is inapplicable to Declaratory Judgment Act cases. *See Mitcheson v. Harris*, 955 F.2d 235, 237–38 (4th Cir.1992); *Continental Casualty Co. v. Robsac Indus.*, 947 F.2d 1367, 1369 (9th Cir.1991); *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1223 (3d Cir.1989). The Sixth and the Tenth Circuits have considered abstentions in declaratory judgment diversity actions in light of *Brillhart*, and without mentioning the *Colorado River–Moses H. Cone* factors. *See Sinclair Oil Corp. v. Amoco Prod. Co.*, 982 F.2d 437, 440 (10th Cir.1992) (dismissing appeal for lack of jurisdiction because district court order denying motion for stay or dismissal was not appealable as a final decision); *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990). Different panels within the Fifth Circuit have reached different conclusions on the issue, an inconsistency less easily reconciled than our *Syntex* and *Jefferson Trust* opinions. First the Fifth Circuit cited *Brillhart* for the proposition that the district court had discretion to entertain a declaratory judgment action and would be reversed only if it abused that discretion. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir.1983). The court also said abstention decisions in declaratory judgment actions are "outside the scope" of *Moses H. Cone*, without discussing *Colorado River*. *Id.* at 601 n. 1. Five years later, the court applied the *Colorado River–Moses H. Cone* test without even mentioning the *Puritan Fashions* opinion. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1189–93 (5th Cir.1988). A subsequent Fifth Circuit opinion noted the inconsistency and said that it would follow *Puritan Fashions*, as it was the earlier statement of the law and could not have been overruled by the later *Jimco* opinion from another panel. *Rowan Cos. v. Griffin*, 876 F.2d 26, 29 n. 2 (5th Cir.1989). The Seventh Circuit has noted the split among the circuits but apparently has not decided the question itself. *See A.G. Edwards & Sons, Inc. v. Public Bldg. Comm'n*, 921 F.2d 118, 122 n. 5 (7th Cir.1990).

tion of the continued viability of *Brillhart* in the special circumstance of a declaratory judgment action:

> As is readily apparent, crucial to this Court's approval of the District Court's dismissal of the suit in *Brillhart* were two factors absent here. First, because the federal suit was founded on diversity, state rather than federal law would govern the outcome of the federal suit. Second, and more significantly, the federal suit was for a declaratory judgment. Under the terms of the provision empowering federal courts to entertain declaratory judgment suits, the assumption of jurisdiction over such suits is discretionary.... It was primarily because federal jurisdiction over declaratory judgment suits is discretionary that *Brillhart* found the District Court's deference to state-court proceedings permissible.

*Calvert Fire Ins.*, 437 U.S. at 671–72, 98 S.Ct. at 2561–62 (Brennan, J., dissenting) (citation omitted). In *Calvert*, then, a total of eight justices found expansive discretion in the district court to abstain from hearing declaratory judgment actions under diversity jurisdiction. Thus, although a district court should consider the *Colorado River–Moses H. Cone* factors before deciding to abstain from a declaratory judgment action under diversity jurisdiction where a parallel state court action is pending, we will reverse the decision ultimately made only if we determine, giving the district court the deference it is due, that the court abused its considerable discretion in applying those factors.[5]

■ We turn now to our review of the District Court's decision to stay the federal court proceedings. The *Colorado River–Moses H. Cone* factors are as follows: (1) wheth-er there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights. *GEICO*, 917 F.2d at 1148.

■ Factors 1 and 2 have no relevance here. The District Court noted the special importance of having jurisdiction over all parties in a declaratory judgment action involving multiple insurers and overlapping coverage and thus found factor 3 supported staying the federal action. As for factor 4, the federal action was filed first, but the state action has made more progress (in part, we acknowledge, because of the District Court's stay order). State law will control this case, and the District Court found that the case presented difficult questions of state law on a matter of great public interest, thus further justifying a stay of the federal court action in favor of the state action. USF & G argues that factor 6 is important here and supports the exercise of federal jurisdiction. But USF & G points to nothing in the record to indicate that the insurer would not receive a fair hearing in state court, and there is no presumption that a state court is biased or otherwise inadequate to protect the federal plaintiff's rights.

We cannot say the District Court abused its discretion in staying the federal court

---

**5.** This Court has implied that we review de novo a district court's decision whether to abstain. *See Century Indem. Co. v. McGillacuty's, Inc.*, 820 F.2d 269, 270 (8th Cir.1987) ("Although this decision is discretionary, our standard of review is more stringent than the 'abuse of discretion' standard; we may substitute our judgment for the lower court's."). In *McGillacuty's*, the district court had decided to abstain from a declaratory judgment action, but no state action was pending. Further, the factors considered by the court in the exercise of its discretion were undefined and there was no indication what the court took into consideration in deciding to abstain. Thus plenary review may have been warranted in the unique circumstances the case presented. Based on Supreme Court and our own Circuit precedent (already discussed in the text of this opinion), we review the decision of the District Court under the abuse-of-discretion standard.

action in this case. The order of the District Court is affirmed.