27 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
AMERICAN HOME ASSURANCE COMPANY, Plaintiff-Appellant,
v.
Grace KUHNS, Defendant
Jane MM DOE, Defendant-Appellee.
 No. 93-3404.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 13, 1994.
Filed: July 5, 1994.
 
 Before BOWMAN and LOKEN, Circuit Judges, and WEIS*, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this diversity case, the district court entered a declaratory judgment that plaintiff American Home Assurance Company is obligated to defend and indemnify its insured Grace Kuhns, a psychologist, in a malpractice suit in state court brought by her former patient Jane MM Doe. In the state complaint, Doe alleged that Kuhns committed malpractice as well as sexual misconduct during the course of treatment in the period from June 1986 to December 1990.
 
 
 2
 In April 1992, Kuhns pleaded guilty to a criminal complaint charging her with Criminal Sexual Conduct in the Fourth Degree during psychotherapy sessions with Doe in violation of Minn. Stat. Sec. 609.345. In state court depositions and in the criminal proceedings, Kuhns and Doe testified to having had physical contact throughout the treatment period, although Doe did not characterize the conduct as becoming sexual in nature until May 1990. The criminal proceedings did not establish the exact time when the conduct became sexual in nature, although the sentencing judge referred to the "date of offense" as "during the period of 1989 to 1990." The criminal complaint itself listed the date of the offense as "January 1989 to December 5, 1990." Doe's civil complaint alleges that "[f]rom approximately July 1989 through December 1990," Kuhns engaged the plaintiff in "sexual contact."
 
 
 3
 The American Home policy was in effect only from February 1, 1989 to February 1, 1990 and thus did not cover the entire period in which Doe was under Kuhns' care. American Home, however, argues that some of the prohibited sexual conduct occurred during the policy period and that, as a result, its liability is limited based on specific exclusions under the policy.
 
 
 4
 The American Home policy had several provisions limiting its scope. Coverage was excluded for (1) "any ... criminal ... act or omission"; and (2) "any wrongful act committed with knowledge that it was a wrongful act." In the event that a claim is made "involving any actual or alleged erotic physical contact, or attempt thereat or proposal thereof," or in the event that such conduct is "alleged at any time, either in a complaint, during discovery, at trial or otherwise," the aggregate limit of liability is set at $25,000.
 
 
 5
 Based on portions of depositions in the state court civil action and testimony in the criminal proceedings, the district court entered summary judgment against American Home. The court concluded that all sexual or erotic contact occurred after the policy expired in February 1990 and that the insurance carrier could not rely upon conduct occurring outside the policy period to limit its liability.
 
 
 6
 We agree that American Home must rely on Kuhns' conduct that occurred during the policy period in order to invoke the exclusions or limitation of liability. However, we do not agree that this case presented an appropriate situation for the entry of summary judgment. We cannot overlook the fact that the interests of Kuhns and Doe both lie in placing the sexual conduct outside the policy period, leaving within that span only the claims for other forms of malpractice where the policy limits are higher. Questions of credibility loom large here, and some of the critical facts about when the conduct occurred are not clear. In short, we are not satisfied on this record that there are no genuine issues of material fact in dispute.
 
 
 7
 A full development of the facts in the trial of the state court action-aided by specific findings-may provide a more appropriate means of determining the indemnity question. In these circumstances, the district court should have exercised its discretion to decline to issue a declaratory judgment on the indemnity issue. See United States Fidelity & Guar. Co. v. Murphy Oil USA, Inc., 21 F.3d 259 (8th Cir. 1994). We conclude, however, that because the state complaint did allege malpractice that fell within the policy coverage, the declaration as to the duty to defend was properly issued.
 
 
 8
 Accordingly, the judgment of the District Court[1] will be affirmed insofar as it found that American Home is bound to provide a defense to Kuhns. The judgment as to the duty to indemnify, however, will be vacated. Each party to bear its own costs.
 
 
 
 *
 The HONORABLE JOSEPH F. WEIS, JR., Senior United States Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota