**BASF CORPORATION, Appellee,**

v.

**Darlene SYMINGTON, next friend or guardian ad litem for Darci Symington, an incompetent, Appellant.**

No. 94–2340.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1994.

Decided March 16, 1995.

Rehearing and Suggestion for Rehearing
En Banc April 27, 1995.

Robert S. Bogard, St. Louis, MO, argued, for appellant.

Stephen W. Plambeck, Fargo, ND, argued, for appellee.

Before McMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

This is a Declaratory Judgment Act case. The district court granted relief, agreeing with the declaratory plaintiff that the defendant's imminent personal injury claim would be time-barred. Because we conclude that the district court should not have considered the plaintiff's statute of limitations affirmative defense via declaratory judgment action, we vacate the judgment and remand with directions to dismiss the complaint.

## I

Darci Symington, a citizen of North Dakota, was born on July 19, 1966, at Pembina Memorial Hospital in Cavalier, North Dakota. While in the hospital, she was exposed to Loxene, a chemical manufactured by a predecessor to plaintiff. On July 25, 1991, Symington filed suit, through her personal representative, Darlene Symington, against BASF, a New Jersey corporation, in New Jersey court, alleging that this exposure caused her mental retardation. The next day, BASF filed this diversity action in the United States District Court for the District of North Dakota, seeking a declaration that North Dakota's statute of limitations barred Symington's claim. *See* Declaratory Judgment Act, 28 U.S.C. § 2201.

Symington filed a motion to dismiss the declaratory judgment action, based in part on the district court's discretionary power to refuse to hear declaratory actions. The district court denied the motion. Following a two-day trial, the district court determined that it needed guidance on North Dakota's limitations law and tolling provisions. Accordingly, the district court certified two questions of state law to the North Dakota Supreme Court. With answers to these questions in hand, see *BASF Corp. v. Symington,* 512 N.W.2d 692 (N.D.1994), the district court concluded that North Dakota law time-barred Symington's claim against BASF and entered a final judgment to that effect. (Symington's counsel at oral argument informed us that by informal agreement of the parties the New Jersey action has remained in discovery pending resolution of this case.)

Symington appeals, contending that the district court abused its discretion in entertaining the declaratory judgment action. Symington also appeals the merits of the district court's North Dakota law analysis. Because we conclude the district court should have dismissed the action, we do not address the merits issues.

In support of her argument that the district court abused its discretion in entertaining BASF's declaratory action, Symington asserts that 1) forum shopping concerns preclude allowing prospective defendants to preemptively raise affirmative defenses in the court of their choice by declaratory action; 2) in a related vein, declaratory plaintiffs like BASF should generally not be permitted to assert defenses in anticipation that they might be sued; 3) again in a related theme, declaratory relief should not be permitted in tort cases; and 4) a declaratory judgment here will unnecessarily complicate the New Jersey case, requiring the New Jersey court to consider complex and unresolved issues of federalism and preclusion law.

## II

### A

■ In this case, the declaratory plaintiff BASF is seeking to ward off suit by the injured party, Symington. In examining the propriety of such a declaratory action, we realign the parties to reflect the actual controversy underlying the action. *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 248, 73 S.Ct. 236, 242–43, 97 L.Ed. 291 (1952). Here, Symington claims injury by BASF, and is therefore the natural plaintiff.

■ *Forum non conveniens* case law states that the natural plaintiff's choice of forum is controlling unless "'exceptional circumstances'" exist. *Reid–Walen v. Hansen,* 933 F.2d 1390, 1395 (8th Cir.1991) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 504, 67 S.Ct. 839, 840–41, 91 L.Ed. 1055 (1947)); *accord, Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981); *De Melo v. Lederle Laboratories,* 801 F.2d 1058, 1062 n. 4 (8th Cir.1986).

■ Additionally, the plaintiff is normally "master to decide what law he will rely upon...." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) (Holmes, J.). In this case, a critical—and indeed, argues Symington, dispositive—question of law is what statute of limitations will control. Forums are free to use local procedural law, including the statute of limitations. *Sun Oil Co. v. Wortman,* 486 U.S. 717, 722, 108 S.Ct. 2117, 2121–22, 100 L.Ed.2d 743 (1988). Symington seeks to proceed in New Jersey in large part to take advantage of what she anticipates will be a favorable statute of limitations ruling. Therefore, Symington's choice of law prerogatives are bound up with her choice of forum rights.

### B

■ District courts have discretion to decide whether to entertain declaratory judgment actions: "any court of the United States ... *may* declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201(a) (emphasis added); *see Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494–97, 62 S.Ct. 1173, 1175–77, 86 L.Ed. 1620 (1942); *United States Fidelity and Guaranty Co. v. Murphy Oil USA, Inc.,* 21 F.3d 259, 261 (8th Cir.1994).

■ The Supreme Court articulated an "exceptional circumstances" test for determining whether federal courts should defer to parallel state litigation in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). While the circuits are split on whether the *Colorado River/Moses H. Cone* exceptional circumstances test applies to declaratory judgment cases, see *Murphy Oil,* 21 F.3d at 262 n. 4, 262–63, we have decided that only in exceptional circumstances should a district court stay or dismiss a declaratory judgment action subject to parallel state litigation, even if diversity of citizenship is the only jurisdictional foundation, *id.* at 261; *Ins. Co. of Pennsylvania v. Syntex Corp.,* 964 F.2d 829, 834 (8th Cir.1992).

We have applied differing standards of review to a district court's decision to proceed or abstain in such cases. In *Murphy Oil,* we applied an abuse of discretion standard. 21 F.3d at 263. In *Century Indem. Co. v. McGillacuty's, Inc.,* however, we ap-

plied a *de novo* standard, stating that "we may substitute our judgment for the lower court's." 820 F.2d 269, 270 (8th Cir.1987) (*per curiam*). *McGillacuty's* is distinguishable, however, because there the district court declined jurisdiction. Since the presumption is in favor of declaratory jurisdiction, a district court's decision to refuse jurisdiction should perhaps be subject to plenary review, rather than insulated by the abuse of discretion standard. *See Murphy Oil,* 21 F.3d at 263 n. 5; *Interdynamics, Inc. v. Wolf,* 698 F.2d 157, 167 nn. 9–10 (3rd Cir. 1982); *Exxon Corp. v. FTC,* 588 F.2d 895, 900 (3rd Cir.1978).

■ We need not linger over this distinction, for it is clear that we review a decision to go forward with a declaratory action based on diversity jurisdiction under an abuse of discretion standard. *Murphy Oil,* 21 F.3d at 263.

### C

In exercising their discretion whether to entertain declaratory actions, courts have on occasion stated that declaratory actions founded exclusively on a defense to a state law claim should be dismissed as a tactical maneuver calculated to deny potential plaintiffs of their traditional right to choose the forum and time of suit. *Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165 (7th Cir.), *cert. denied,* 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969); *Koch Eng'g Co. v. Monsanto Co.,* 621 F.Supp. 1204, 1207 (E.D.Mo. 1985); *Nat'l Union Fire Ins. Co. v. Lippert Bros., Inc.,* 233 F.Supp. 650, 656 (D.Neb. 1964). *See also Wycoff,* 344 U.S. at 248, 73 S.Ct. at 242–43 (criticizing declaratory plaintiff's use of Declaratory Judgment Act for procedural advantage, but dismissing ultimately for lack of jurisdiction); *First Fed. Sav. & Loan Ass'n v. Anderson,* 681 F.2d 528, 533–34 (8th Cir.1982) (same); *Lawrence County v. South Dakota,* 668 F.2d 27, 30–31 (8th Cir.1982) (same).

■ Declaratory judgment actions may on occasion merit "a closer look" to ensure that the declaratory plaintiff is not motivated by forum-shopping concerns. *Northwest Airlines, Inc. v. American Airlines, Inc.,* 989

F.2d 1002, 1007 (8th Cir.1993); *accord, Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill,* 751 F.2d 801, 804 (5th Cir.), *cert. denied,* 474 U.S. 909, 106 S.Ct. 279, 88 L.Ed.2d 244 (1985). "[A] suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed...." *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.,* 10 F.3d 425, 431 (7th Cir.1993); *accord, Nucor Corp. v. Aceros y Maquilas de Occidente, S.A. de C.V.,* 28 F.3d 572, 577–78 (7th Cir.1994); *see also Kahn v. General Motors Corp.,* 889 F.2d 1078, 1082 (Fed.Cir.1989) (attempts to litigate by declaration issues pending elsewhere will be rejected absent "sufficient reason").

■ It is also true, however, that courts regularly consider the merits of affirmative defenses raised by declaratory plaintiffs, and so Symington is off the mark in advocating a blanket prohibition on raising affirmative defenses by declaratory action. *Kelly v. Robinson,* 479 U.S. 36, 40, 107 S.Ct. 353, 355–56, 93 L.Ed.2d 216 (1986) (entertaining without comment the affirmative defense of discharge in bankruptcy); *Ernst & Young v. Matsumoto (In re United Ins. Mgmt., Inc.),* 14 F.3d 1380, 1383–84 (9th Cir.1994) (statute of limitations); *Hotel & Restaurant Employees Union v. J.P. Morgan Hotel,* 996 F.2d 561, 563 (2d Cir.1993) (arbitration and award); *Hoelzer v. City of Stamford,* 933 F.2d 1131, 1135–37 (2d Cir.1991) (statute of limitations); *Newman v. First Sec. Bank of Bozeman,* 887 F.2d 973, 974–75 (9th Cir.1989) (discharge in bankruptcy); *Barry v. Donnelly,* 781 F.2d 1040, 1042–43, (4th Cir.1986) (statute of limitations); *Shell Oil Co. v. Hickman,* 716 F.Supp. 931 (W.D.Va.1989) (same). *See also Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 502, 508, 79 S.Ct. 948, 952, 955, 3 L.Ed.2d 988 (1959) (entertaining duress affirmative defense without comment and stating that any defense may be raised by declaratory action); *Slice v. Sons of Norway,* 34 F.3d 630, 633 (8th Cir.1994) (stating in *dicta* that the affirmative defense of estoppel could form the basis of an ERISA claim for declaratory relief). Likewise, Symington's similar alternative theory that alleged tortfeasors should never be allowed to seek declaratory relief also falls short. *See Ernst & Young,*

14 F.3d 1380 (entertaining tortfeasor's affirmative defense).

◼ None of the above-cited instances in which courts have seen fit to consider affirmative defense-based declaratory actions involved a threat to an injured party's right to choose its forum. As explained above, the natural plaintiff's choice of forum and law will be disturbed only in exceptional circumstances. *Reid–Walen*, 933 F.2d at 1394–95. Here, we are convinced that BASF's declaratory action in North Dakota is chiefly calculated to take advantage of favorable statute of limitations law. Symington has chosen to sue in New Jersey, and a judgment in the North Dakota declaratory action will complicate or possibly even preclude her suit there. This is a misuse of the declaratory judgment act of the type discussed above.

◼ It is our view that where a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue. That is the case here.

◼ In coming to this conclusion, we have examined the *Colorado River/Moses H. Cone* exceptional circumstances factors adopted by *Murphy Oil* for use in declaratory judgment cases such as this one. 21 F.3d at 263. Despite the fact that forum shopping is not among the factors enumerated in *Murphy Oil*, it is appropriate that we consider it when relevant. *See Federated Rural Elec. Inc. Corp. v. Ark. Elec. Coop., Inc.*, 48 F.3d 294, 299 (8th Cir. 1995). It must be held in mind that the exceptional circumstances test "does not rest on a mechanical checklist," *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937, but rather "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand," *id.* at 21, 103 S.Ct. at 940. *See also Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 50 (1st Cir. 1995) (describing the Supreme Court's lists of factors as "illustrative"); *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir.1992) (reciting four exceptional circumstances factors in addition to the six articulated in *Moses H. Cone* and *Colorado River*).

◼ The only one of the *Colorado River/Moses H. Cone* factors worthy of separate comment here is the priority factor. This stems from the familiar first-to-file rule, but has in the context of parallel state-federal litigation developed to require an assessment not just of which case was filed first, but which has made more progress. *Moses H. Cone*, 460 U.S. at 21–22, 103 S.Ct. at 939–41. Here, of course, the federal declaratory action has resulted in a final judgment after trial, while the state action has by informal agreement of the parties remained in discovery. It should be kept in mind that an order refusing to dismiss is usually not appealable until the case is finally disposed of, as in this case by judgment after trial. *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 497–99, 109 S.Ct. 1976, 1977–79, 104 L.Ed.2d 548 (1989). Symington acted with due dispatch to bring the challenged refusal to dismiss before us. In such a case, the priority factor alone should not be dispositive when a district court refuses to dismiss. Any other rule would allow such refusals to evade meaningful review, since a decision to go forward will itself lead to progress. *See Murphy Oil*, 21 F.3d at 263 (parenthetically recognizing this phenomenon, but not in a forum shopping case). (We note that while the substantial body of *Colorado River/Moses H. Cone* case law has yet to address the specific issue of what weight to accord progress stemming exclusively from a refusal to stay or dismiss, the priority factor in general has been criticized as leading to absurd results. Linda Mullenix, *A Branch Too Far: Pruning the Abstention Doctrine*, 75 GEO.L.J. 99, 124–25 (1986).) Here, the progress made in the declaratory case is not alone enough to deny Symington her choice of forum and law.

The judgment granting declaratory relief is vacated, and the case is remanded to the district court with directions to dismiss the complaint.