# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2213

_____

Mountain Pure, LLC,

            Plaintiff - Appellant,

    v.

Turner Holdings, LLC; Portola
Packaging, Inc.; Stone Container
Corporation; Consolidated Container
Company, LLC,

            Defendants - Appellees.

Appeal from the United States
District Court for the Eastern
District of Arkansas.

_____

Submitted: February 17, 2006
Filed: March 10, 2006

_____

Before BYE, HEANEY, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

Mountain Pure, LLC, appeals the district court's order dismissing its tort claims against Turner Holdings, LLC, Portola Packaging, Inc., Stone Container Corporation, and Consolidated Container Company, LLC, on grounds of res judicata and abstention. We reverse.

Mountain Pure bottles and sells water and juice. Turner Holdings, Portola Packaging, Stone Container and Consolidated Container (suppliers) provided Mountain Pure with jugs, bottle caps and cardboard boxes used in the packaging of its products. Mountain Pure alleges it encountered problems with each of these components and sued the suppliers in Arkansas state court for breach of contract.[1] The suppliers entered denials and counter claimed alleging Mountain Pure owed money on outstanding account balances. The suppliers moved for summary judgment on Mountain Pure's contract claims. Just before the summary judgment hearing, Mountain Pure amended its complaint to include tort claims against the suppliers. At the hearing, the state court indicated it intended to grant the suppliers' motions to dismiss Mountain Pure's contract claims. Before a written order dismissing the claims was entered, however, Mountain Pure moved to non-suit its contract and tort claims. The district court granted the motion to non-suit and dismissed the claims without prejudice.

After voluntarily dismissing the contract and tort claims, Mountain Pure refiled them in federal court. The suppliers then returned to state court and asked the court to amend its earlier judgment to reflect the court's intention to dismiss the contract claims on the merits, with prejudice. The court agreed, granted summary judgment on the contract claims, and amended the judgment. Later, the state court found for the suppliers on their counter claims and awarded damages against Mountain Pure. Thereafter, the parties voluntarily non-suited the remaining state claims and Mountain Pure appealed the award of damages. The Arkansas Court of Appeals dismissed the

---

[1] Mountain Pure also sued Affiliated Foods Southwest, the wholesaler it contracted with for distribution of its products. Additionally, the state lawsuit involved claims between Mountain Pure, Affiliated, and Turner Holdings relating to miscellaneous equipment. Those claims are not part of the federal court proceedings.

appeal, holding it was interlocutory because the non-suited tort claims were dismissed without prejudice and could be refiled.

Back in federal court, the suppliers filed motions to dismiss Mountain Pure's contract and tort actions on the basis of res judicata and abstention. The district court found the contract claims had been fully adjudicated on the merits and held they were barred by the doctrine of res judicata. It also held the tort claims were barred by res judicata because they arose out of the same nucleus of operative facts and could have been pursued in the state court action. Mountain Pure moved for reconsideration, pointing out the tort claims were dismissed without prejudice to its right to refile them, and the Arkansas Court of Appeals had held there had been no final adjudication of the state court action. The district court rejected Mountain Pure's arguments and reaffirmed its earlier ruling, adding that even if res judicata did not apply, it would abstain from hearing the case. On appeal, Mountain Pure argues the district court erred in applying res judicata to the tort claims,[2] and by applying the abstention doctrine.

II

The parties agree this diversity action is governed by Arkansas state law, Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938), and that our review of the district court's interpretation of state law is de novo, Burlington N. R. Co. v. Farmers Union Oil Co. of Rolla, 207 F.3d 526, 534 (8th Cir. 2000).

A

Mountain Pure first argues the district court erred when it concluded the tort claims were barred by res judicata. The suppliers argue Mountain Pure's contract and

---

[2]Mountain Pure does not appeal the dismissal of its contract claims.

tort claims arose out of the same nucleus of operative facts and should have been pursued together in the state court action. They contend Mountain Pure improperly split its cause of action by refiling the non-suited tort claims in federal court. We disagree.

Under the claim-preclusion aspect of res judicata, a valid and final judgment rendered on the merits bars another action by the plaintiff against the defendant on the same claim or cause of action. Magness v. Commerce Bank, 853 S.W.2d 890, 893 (Ark. Ct. App. 1993). Res judicata prohibits the relitigation of claims which were actually litigated in the first suit and those which could have been litigated. Id. at 893-94. If subsequent litigation is based on the same events as the previous lawsuit, res judicata applies even if the later suit raises new legal issues and seeks additional remedies. Id. at 894. Res judicata, however, only applies when the party against whom the earlier decision is being asserted had a fair and full opportunity to litigate the issue in question. Cater v. Cater, 846 S.W.2d 173, 176 (Ark. 1993).

Identical cases between the same parties can be pending in a federal district court and a state court at the same time. Carter v. Owens-Ill., Inc., 551 S.W.2d 209, 209 (Ark. 1977). In such instances, the first forum to dispose of the case enters a final judgment binding on the parties. Id. at 210. Conversely, a person having only a single cause of action is usually not permitted to split it and maintain more than one suit for different parts of the action; if the rule is violated the adjudication reached on the first action is, under res judicata, a bar to the maintenance of the second suit. Coleman's Serv. Ctr., Inc. v. FDIC, 935 S.W.2d 289, 298 (Ark. Ct. App. 1996). Thus, in Eiermann v. Beck, 252 S.W.2d 388, 389-90 (Ark. 1952), a plaintiff who obtained rescission of a contract to purchase a restaurant plus consequential damages could not later sue for other damages resulting from the defendant's fraud. Similarly, in Lisenbey v. Farm Bureau Mutual Insurance Co. of Arkansas, Inc., 431 S.W.2d 484, 485 (Ark. 1968), the Arkansas Supreme Court held claims resulting from the loss of

personalty and realty in one fire covered by one insurance policy constituted one cause of action.

> Needless to say, the rule against the splitting of a single cause of action is intended to keep defendants from being harassed by a multiplicity of suits and to lighten the already overcrowded dockets of the trial courts. In finding the existence of a single cause of action we have placed some emphasis upon the fact that the several claims arise from a single transaction. In the case at bar we are firmly of the view that the fire created only one cause of action and that the plaintiffs ought not to be permitted to subdivide that cause of action, thereby burdening the defendant and the courts with the waste of time and expense that attends a needless jury trial.

431 S.W.2d at 485 (internal citation omitted).

The suppliers' attempt to invoke the doctrine of res judicata in this instance fails, however, because there is no valid final adjudication or judgment with respect to the claims Mountain Pure brought in state court. Thus, Mountain Pure's second suit filed in federal court does not violate the rule against splitting a cause of action and res judicata does not apply.

Despite the lack of a final judgment, the district court concluded Mountain Pure's contract claims were barred by res judicata, and, because the tort claims arose out of the same nucleus of operative facts, they too were barred. It concluded the absence of a final order was irrelevant because when Mountain Pure attempted to appeal the state court decision, it did not appeal the adverse ruling on the contract claims. Rather, it limited its appeal to the suppliers' counter claims. In so reasoning, the district court implies Mountain Pure waived the requirement under res judicata of a final judgment. We disagree. The appeal Mountain Pure attempted to take was premature and it could not have waived the finality requirement by failing to appeal an issue it was prevented from appealing.

The suppliers, quoting State Office of Child Enforcement v. Willis, 59 S.W.3d 438, 441 n.1 (Ark. 2001), argue an Arkansas "plaintiff cannot non-suit certain claims against a defendant in order to circumvent Rule 54(b). The underlying reason is that the principle of res judicata requires all claims against a defendant arising out of common facts to be brought, and non-suiting certain claims would lead to piecemeal appeals and splitting a cause of action." We agree Arkansas law prohibits a plaintiff from circumventing Rule 54(b) by non-suiting certain claims. This principle, however, does nothing to aid the suppliers' cause. It merely recognizes what the Arkansas Court of Appeals held – Mountain Pure could not render the state court's judgment final by non-suiting the remainder of its claims. Even assuming Mountain Pure attempted to circumvent Rule 54(b), the failed attempt merely highlights the fact that no valid final judgment has been entered. Because there has been no valid final judgment entered in the state law proceedings, res judicata does not bar Mountain Pure's federal suit.

Even assuming res judicata applies, the doctrine does not bar a subsequent action where, in an earlier action, a court has made an express reservation of right as to future litigation. Cater, 846 S.W.2d at 176. An express reservation of rights as to litigation on a certain item preserves the subject for future adjudication. Miles v. Teague, 476 S.W.2d 245, 247 (Ark. 1972). Accordingly,

> [a] determination by the court that its judgment is "without prejudice" (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record, unless reversed or set aside, should ordinarily be given effect in the second action.

Coleman's Serv. Ctr., Inc., 935 S.W.2d at 296 (quoting Restatement (Second) of Judgments, § 26(1)(b) (1982)).

The suppliers concede the state court expressly reserved Mountain Pure's tort claims by dismissing them without prejudice. Therefore, res judicata is no bar to refiling them in federal court. Furthermore, this exception to res judicata would save Mountain Pure's tort claims even if the state court judgment had been final. The district court order implies the exception only applies if Mountain Pure seeks to refile the claims in state court, but we find nothing to support the conclusion. Res judicata does not bar Mountain Pure from refiling its tort claims, and it cannot be prevented from electing to file them in federal court instead of state court.

B

As an alternative basis for dismissing Mountain Pure's claims, the district court stated it would abstain from exercising jurisdiction under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Specifically, the court held it would abstain because Mountain Pure could refile its claims in state court and allowing parallel actions to proceed in state and federal court would be a waste of judicial resources. The court further concluded the case 1) was originally filed in state court, 2) involved only issues of state law, 3) the state court action had progressed much further, and 4) Mountain Pure's rights would be adequately protected in state court. On appeal, Mountain Pure argues the district court abused its discretion by refusing to exercise jurisdiction.

We review the district court's decision to dismiss the federal proceedings for abuse of discretion. Moses H. Cone Mem. Hosp. v. Mercury Constr., 460 U.S. 1, 19 (1983); United States Fid. & Guar. Co. v. Murphy Oil USA, 21 F.3d 259, 263 (8th Cir. 1994) (USF & G). However, the discretionary nature of the decision does not mean it can be made "as a matter of whim or personal disinclination." USF & G, 21 F.3d at 261 (quoting Pub. Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962) (per curiam)). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," Colorado River, 424 U.S. at 817, even when there is a

pending state court action involving the same subject matter, id. at 813-14, 817. "Abdication of the obligation to decide cases can be justified under [the abstention] doctrine[s] only in the *exceptional circumstances* where the order to the parties to repair to the State court would clearly serve an important countervailing interest." Moses H. Cone, 460 U.S. at 14 (quoting Colorado River, 424 U.S. at 813) (internal quotation and citation omitted) (emphasis added).

Determining whether exceptional circumstances exist requires evaluation of the following factors (the Colorado River/Moses H. Cone factors).

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority – not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

USF & G, 21 F.3d at 263.

These factors are not intended to be exhaustive, nor are they mechanically applied. Rather, they are pragmatically applied to advance the "clear federal policy" of avoiding piecemeal adjudication. Moses H. Cone, 460 U.S. at 16, 21. When examining the factors, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." Id. at 16.

> [W]e emphasize that our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist "exceptional"

circumstances, the "clearest of justifications," that can suffice under Colorado River to justify the *surrender* of that jurisdiction.

Id. at 25-26.

Bearing these instructions in mind, we turn to the Colorado River/Moses H. Cone factors to determine whether this case presents "the clearest of justifications [that alone] will warrant" abstention. Colorado River, 424 U.S. at 819.

The first two factors are of little consequence to our discussion. The parties agree the court has jurisdiction over the res and that this factor does not weigh into the "exceptional circumstances" calculation. Further, there is no appreciable difference in the level of inconvenience between the two fora. Thus, as noted by the district court, this factor is not relevant to the existence of exceptional circumstances.

The district court concluded factor number three – the desire to avoid piecemeal litigation – weighed heavily in favor of abstention, and, as the Supreme Court cases make clear, it is the predominant factor. See, e.g., Moses H. Cone, 460 U.S. at 16, 21. The policies underlying Colorado River abstention are "considerations of '[w]ise judicial administration,' giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)). We respect these considerations by favoring the most complete action. See, e.g., USF & G, 21 F.3d at 263 (abstaining in favor of state action which, unlike stayed federal action, included "all parties in a declaratory judgment action involving multiple insurers and overlapping coverage."); Employers Ins. of Wausau v. Mo. Elec. Works, 23 F.3d 1372, 1375 (8th Cir. 1994) (holding in dispute involving two insurers, the federal action against only one insurer should be stayed in favor of state action involving both).

Here, the likelihood of piecemeal litigation is less troubling. The district court abstained because there was a possibility Mountain Pure *could* refile its tort claims in state court, thereby giving rise to a duplicative parallel state court proceeding. Such a possibility, however, exists in every diversity action which could be filed in both federal and state court. Additionally, the course of the proceedings in no way suggests Mountain Pure intends to refile the tort claims in state court. Once Mountain Pure non-suited its tort claims and refiled them in federal court, it made no further attempts to litigate them in state court. We conclude the tort claims are not the subject of an ongoing parallel proceeding in state court and the mere possibility of such a proceeding does not represent the type of exceptional circumstance sufficient to justify abstention.

The district court next noted the state court action was filed first and "has progressed much further than this action." Accordingly, it concluded this factor weighed heavily in favor of abstention. The state court action was filed first. But "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone, 460 U.S. at 21. If we consider the state court's handling of the contract claims, it is apparent the state action has progressed further than the federal court action. If, however, we consider the tort claims in isolation, the two cases stand on relatively equal footing. In the state court action, the tort claims were dismissed soon after the amended complaint was filed. In the federal action, the suppliers moved for dismissal of Mountain Pure's complaint without ever submitting answers. Therefore, neither court has attempted to address the merits of the tort claims. We conclude this factor does not support a finding of exceptional circumstances sufficient to justify the district court's refusal to exercise jurisdiction.

Next, it is undisputed this action is governed by state law. The presence of state law issues, however, only weighs in favor of abstention in rare circumstances. Moses H. Cone, 460 U.S. at 26. There is nothing about this case which makes it

-10-

unusual from similar diversity cases handled by federal courts everyday. Thus, this issue does not weigh in favor of abstention.

Finally, we see nothing to indicate the federal court cannot adequately protect the plaintiff's rights. The federal court is fully capable of adjudicating all of the issues involved and the adequacy of the federal forum weighs against abstention.

## III

Because no valid final judgment has been entered in the state court action, the district court erred by holding res judicata barred Mountain Pure's federal claims. Even assuming res judicata did apply, Arkansas excepts from its grasp claims specifically reserved by a court's dismissal "without prejudice." Finally, the factors considered by the court in deciding to abstain do not constitute exceptional circumstances sufficient to excuse it from exercising jurisdiction. Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

_____